*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0374P (6th Cir.)
File Name: 03a0374p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————

KEVIN MARK ABELA,
        *Petitioner-Appellant,*

        *v.*

WILLIAM MARTIN, Director,
Michigan Department of
Corrections,
        *Respondent-Appellee.*

No. 00-2430

———————

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 99-72095—Robert H. Cleland, District Judge.

Argued: March 26, 2003

Decided and Filed: October 22, 2003

Before: BOGGS, Chief Circuit Judge; MARTIN, SILER,
 BATCHELDER, DAUGHTREY, MOORE, COLE,
 CLAY, GILMAN, GIBBONS, and ROGERS, Circuit
 Judges.

———————

### COUNSEL

**ARGUED:** James Sterling Lawrence, Detroit, Michigan, for Appellant. William C. Campbell, OFFICE OF THE ATTORNEY GENERAL, Lansing, Michigan, for Appellee. **ON BRIEF:** James Sterling Lawrence, Detroit, Michigan, for Appellant. William C. Campbell, OFFICE OF THE ATTORNEY GENERAL, Lansing, Michigan, for Appellee.

MARTIN, J., delivered the opinion of the court, in which DAUGHTREY, MOORE, COLE, CLAY, and GILMAN, JJ., joined. SILER, J. (pp. 16-18), delivered a separate dissenting opinion, in which BOGGS, C. J., BATCHELDER, GIBBONS, and ROGERS, JJ., joined.

———————

### OPINION

———————

BOYCE F. MARTIN, JR., Circuit Judge. This action arises from a Michigan manslaughter conviction and subsequent petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court found the habeas petition timely filed but denied it on the merits. Kevin Mark Abela appealed that denial. A panel of this court heard argument in this case, but it declined to reach the merits. The panel held that under this court's rule in *Isham v. Randle*, 226 F.3d 691 (6th Cir. 2000), *cert. denied*, 531 U.S. 1201 (2001), Abela's petition was not timely because the statue of limitations was not tolled by Abela's petition for writ of certiorari from the United States Supreme Court following post-conviction litigation in state court. The panel held that Abela's habeas petition was barred by the statute of limitations set forth in 28 U.S.C. § 2244(d)(1). A majority of the active judges of this court having agreed to rehear the case *en banc*, we now hold that Abela's petition was timely filed.

Abela was convicted by a jury of voluntary manslaughter and carrying a concealed weapon on July 24, 1991. He was sentenced to a term of seven to fifteen years for voluntary manslaughter and a concurrent sentence of forty months to five years for carrying a concealed weapon.

Abela appealed his conviction on February 17, 1992, by raising three issues in the Michigan Court of Appeals. The Michigan Court of Appeals affirmed Abela's conviction and sentence in an unpublished disposition. *People v. Abela*, No. 144005 (Mich. Ct. App. July 22, 1994). The Michigan Supreme Court denied Abela's delayed application for leave to appeal these issues. *People v. Abela*, No. 100783 (Mich. Mar. 31, 1995).

On August 20, 1996, Abela filed a motion for relief from judgment in the Oakland County Circuit Court, raising six claims. The motion was denied "for lack of merit on the grounds presented." *People v. Abela*, No. 90-101083 (Oakland County Cir. Ct. Oct. 22, 1996). Abela raised the same six issues on appeal to the Michigan Court of Appeals, which also denied leave to appeal and a motion to remand. *People v. Abela*, No. 200930 (Mich. Ct. App. July 22, 1997). On August 9, 1997, Abela again raised these six issues in his delayed application for leave to appeal to the Michigan Supreme Court, which likewise denied his petition. *People v. Abela*, No. 110260 (Mich. May 28, 1998). On August 3, 1998, Abela filed a petition for certiorari with the United States Supreme Court, which was denied on October 19, 1998. *Abela v. Michigan*, 525 U.S. 948 (1998).

On April 26, 1999, before his parole term had ended, Abela sought a writ of habeas corpus pursuant to section 2254, raising the same claims as in his motion for relief from judgment (except for his claim regarding the trial court's decision to reconsider its dismissal of the concealed weapon charge). The district court issued a memorandum opinion and denied the petition for habeas relief on October 31, 2000. On

December 28, 2000, the district court denied Abela's motion for a certificate of appealability.

Abela appealed his denial of the motion to this court. We granted his certificate of appealability on the issues before us on April 20, 2001.

Between August 20, 1996, and May 28, 1998, Abela sought state collateral relief in the Michigan trial, appellate, and high courts. The limitations period was clearly tolled during this period because Abela's state collateral relief motions were pending in the various state courts. *See Carey v. Saffold*, 536 U.S. 214, 220 (2002). In *Carey*, the Court held that "until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains 'pending.'" *Id.* Thus, the key issue before us today is whether the one-year statute of limitations applicable to federal habeas corpus petitions is also tolled during the period in which a petitioner may seek, and the Supreme Court considers whether to grant, certiorari review of the denial of the petitioner's state collateral relief motion.

Title 28 U.S.C. § 2244(d)(1) provides a one-year period of limitations for people "in custody pursuant to the judgment of a State court" to file an application for a writ of habeas corpus. Title 28 U.S.C. § 2244(d)(2) provides for tolling of this one-year period as follows: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

For prisoners whose convictions became final prior to April 24, 1996, the effective date of the Anti-Terrorism and Effective Death Penalty Act, the one-year limitations period runs against them as of that date. *Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999). Abela's judgment of conviction became final prior to April 24, 1996, so his one-year limitations period began running on that date.

The Supreme Court recently concluded that a federal habeas corpus petition does not constitute "State post-conviction or other collateral review" in order to toll the one-year limitations period pursuant to section 2244(d)(2). *Duncan v. Walker*, 533 U.S. 167, 182 (2001). Significantly, for our purposes, the Court construed the phrase "State post-conviction or other collateral review" to mean "State post-conviction [review]" and "other State collateral review." *Id.* at 175-76. Accordingly, the section 2241(d)(1) limitations period is not tolled while federal habeas corpus proceedings are pending, because federal habeas proceedings are neither "State post-conviction" nor "other State collateral review." *Id.* at 181-82. Thus, the more narrow question presented here is whether a petition for writ of certiorari to the Supreme Court may constitute a "properly filed" and "pending" application for "State post-conviction [review]" or "other State collateral review" so as to toll the section 2244(d)(1) limitation period.

This Court's pre-*Duncan* decision in *Isham v. Randle*, 226 F.3d 691 (6th Cir. 2000), *cert. denied*, 531 U.S. 1201 (2001), upon which the panel opinion relied, dealt with the situation where a petitioner could have sought, but did not seek, certiorari review of his Ohio collateral review motion. We held that "the one year limitations period is not tolled during the ninety days in which defendant could have petitioned the Supreme Court for a writ of certiorari . . . ." *Id.* at 692.

First, we reasoned, based on the statute's plain language, that the word "State" in section 2244(d)(2) modifies "post-conviction or other collateral relief." *Id.* at 695. This court concluded that "[a] petition for certiorari to the United States Supreme Court is not 'state post-conviction relief.' Neither is such a petition 'other state collateral relief.'" *Id.* Thus, we decided, as had the Tenth Circuit, that "a petition for writ of certiorari to the United States Supreme Court is 'simply not an application for state review of any kind.'" *Id.* (citing *Rhine v. Boone*, 182 F.3d 1153, 1156 (10th Cir. 1999)). We also reasoned that our holding was bolstered by the fact that

seeking certiorari in the United States Supreme Court is not a mandatory part of state court review, as it is not a prerequisite to pursuing habeas corpus. *Fay v. Noia*, 372 U.S. 391, 435 (1963). Finally, we concluded that differences in section 2244(d)(1)(A) and section 2244(d)(2) suggest that Congress did not intend section 2244(d)(2) tolling to apply to potential Supreme Court review. *Isham*, 226 F.3d at 695. Specifically, section 2244(d)(1)(A) provides that the one-year limitations period begins to run after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," whereas Congress neglected to use similar language in section 2244(d)(2). *Id.*

The Supreme Court has decided cases since *Isham* that cast that case in a different light. As to *Isham*'s first rationale, *Duncan* confirmed our interpretation that the word "State" in section 2244(d)(2) modifies "post-conviction or other collateral relief." 533 U.S. at 175-76. As to *Isham*'s second rationale, that petitioning for certiorari on the underlying conviction is not required in order to seek habeas corpus review, the Supreme Court's recent decision in *Clay v. United States*, 123 S. Ct. 1072, 1075, __ U.S. __ (2003), offers an analogy for the question before us. In that case, the Court determined that a federal criminal conviction becomes final, for the purposes of calculating the one-year time period in which to move to vacate pursuant to 28 U.S.C. § 2255, when the time expires for filing a petition for certiorari to contest the federal appellate court's affirmance of conviction. *Id.* at 1075. The Court discussed the meaning of finality, *id.* at 1076:

> Here, the relevant context is postconviction relief, a context in which finality has a long-recognized, clear meaning: Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires. *See*, *e.g.*, *Caspari v. Bohlen*, 510 U.S. 383, 390, 114 S.Ct. 948, 127 L.Ed.2d

236 (1994); *Griffith v. Kentucky*, 479 U.S. 314, 321, n. 6, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987); *Barefoot v. Estelle*, 463 U.S. 880, 887, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983); *United States v. Johnson*, 457 U.S. 537, 542, n. 8, 102 S.Ct. 2579, 73 L.Ed.2d 202 (1982); *Linkletter v. Walker*, 381 U.S. 618, 622, n. 5, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965).

Further, the Court noted that "[t]he Courts of Appeals have uniformly interpreted 'direct review' in § 2244(d)(1)(A) to encompass review of a state conviction by this Court." *Clay*, 123 S. Ct. at 1077, n.3 (citations omitted). The reasoning underlying the Court's decision in *Clay* is analogous to the situation before us. The Supreme Court's direct review of a federal criminal conviction is not identical to its review of a state habeas petition, but in each situation the decision of the federal appellate court and the highest court in the state, respectively, is not final, if certiorari is sought, until the Supreme Court denies certiorari, and, if certiorari is not sought, until the period for seeking certiorari expires.

Finally, as to *Isham*'s third rationale, highlighting the difference in language between sections 2244(d)(1)(A) and 2244(d)(2) as supportive of the narrow reading of the latter, the Supreme Court recently said, "'The . . . presumption--that the presence of a phrase in one provision and its absence in another reveals Congress'[s] design--grows weaker with each difference in the formulation of the provisions under inspection.'" *Clay*, 123 S. Ct. at 1079 (citing *Columbus v. Ours Garage & Wrecker Serv., Inc.*, 536 U.S. 424, 435-36 (2002)).

*Isham*, nevertheless, is in line with the majority of our sister circuits. The Tenth Circuit concluded, using broad language, that section 2244(d)(2) did not toll the limitations period where the petitioner had actually sought certiorari in the Supreme Court. *Rhine*, 182 F.3d at 1156. The Fourth Circuit agreed where, as here, the petitioner had actually sought certiorari. *Crawley v. Catoe*, 257 F.3d 395, 399-400 (4th Cir.

2001). Other circuits, relying on *Rhine*, have reached the same conclusion with respect to petitioners who had not actually sought certiorari review—the scenario presented in *Isham*. *See Snow v. Ault*, 238 F.3d 1033, 1035 (8th Cir. 2001); *Bunney v. Mitchell*, 262 F.3d 973, 974 (9th Cir. 2001); *Coates v. Byrd*, 211 F.3d 1225, 1227(11th Cir. 2000); *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999); *see also Isham*, 226 F.3d 691.

Until recently the Third Circuit distinguished situations where certiorari is actually sought from those where it is not. In particular, in 1999, the Third Circuit concluded that the limitations period was tolled during the period where a petitioner actually sought certiorari. *See Morris v. Horn*, 187 F.3d 333, 336-37 (3d Cir. 1999). However, subsequent to the decision in *Morris*, the Third Circuit concluded that the ninety-day period for seeking certiorari review in the Supreme Court should not be considered to toll the limitations period under section 2244(d)(2) where the petitioner has not actually sought certiorari. *See Nara v. Frank*, 264 F.3d 310, 318 & n.4 (3d Cir. 2001); *Stokes v. Dist. Attorney of the County of Phila.*, 247 F.3d 539 (3rd Cir. 2001). This distinction relied on the use of the word "pending" in section 2244(d)(2), concluding that where no petition for certiorari is actually filed, nothing can be "pending" under section 2244(d)(2). *Nara*, 264 F.3d at 318. Recently, however, the Third Circuit abandoned this distinction altogether, joining the majority of the circuits. *See Miller v. Dragovich*, 311 F.3d 574 (3d Cir. 2002). The court said, "To avoid *Duncan* we would have to hold that Congress intended to distinguish between the exercise of Supreme Court certiorari jurisdiction and federal habeas corpus jurisdiction in enacting section 2244(d)(2)." *Id.* at 579.

The Second and Seventh Circuits adopted a narrow version of the approach taken in *Isham*, *Coates*, *Ott*, *Miller*, and *Rhine*, limiting their holdings to a rule that the period during which certiorari may be sought cannot toll the limitations period where certiorari is not actually sought. *See Gutierrez*

*v. Schomig*, 233 F.3d 490, 491-92 (7th Cir. 2000); *Smaldone v. Senkowski*, 273 F.3d 133, 137-38 (2d Cir. 2001). The Seventh Circuit focused on whether there was any "properly filed" application where the petitioner had not sought certiorari to the United States Supreme Court, concluding that where nothing had been filed, nothing could be "properly filed" under section 2244(d)(2). *Gutierrez*, 233 F.3d at 492. The Seventh Circuit also concluded that where no petition for certiorari had been filed, nothing could be "pending" under section 2244(d)(2). *Id.* Ultimately, however, the Seventh Circuit declined to address whether "State post-conviction" review or "other state collateral review" may include a "properly filed," "pending" petition for certiorari to the United States Supreme Court. *Id.* The Second Circuit, likewise faced with a situation where the petitioner had not sought certiorari, adopted the reasoning of the Seventh Circuit, stating, "Our holding is limited to the facts of this case, and we do not reach the questions that would have been raised if a certiorari petition had been properly filed." *Smaldone*, 273 F.3d at 138. The Second and Seventh Circuits continue to distinguish between situations in which a petition for certiorari review of the denial of state habeas relief is actually sought and those cases where it is not.

Although we find this distinction no longer tenable, we take each situation in turn. First, as to the question presented here, where a petition for certiorari was actually filed, we find instructive the reasoning of the dissent in *White v. Klitzkie*, 281 F.3d 920 (9th Cir. 2002). In dissent in *White*, Judge Berzon reasons that "[t]he statute surely tolls only where there is a 'properly filed application for *State* post-conviction or other collateral review.' But the question is not whether White's application fits this description . . . but whether that application could still be 'pending' once the state courts are finished with it." *Id.* at 926 (Berzon, J., dissenting). She goes on to say, *id.*,

[W]hile the *application* is one for *State* post- conviction relief, just as state criminal proceedings can raise federal

issues reviewable in the United States Supreme Court, so can state habeas proceedings. A state criminal proceeding . . . is still "pending" even though the state courts are finished with it, until any petition filed is finally decided. Similarly, if there is a certiorari petition pending to review the validity of the state's denial of such an application for state post-conviction review, the *application* is still "pending"--that is, not finally decided. The application does not thereby stop being a state habeas proceeding or turn into a federal rather than a state application; it is just not finally decided yet.

We agree. In a slightly different context, the Supreme Court, in *Carey v. Saffold*, discussed the word "pending": "The dictionary defines 'pending' (when used as an adjective) as 'in continuance' or 'not yet decided.' It similarly defines the term (when used as a preposition) as 'through the period of continuance . . . of,' 'until the . . . completion of.'" 536 U.S. at 219 (citing Webster's Third New International Dictionary 1669 (1993)). We believe that a petition for certiorari from a state court's denial of an application for habeas corpus necessitates that the application is still pending, because it is "'in continuance' or 'not yet decided.'" *Id.* The focus of section 2244(d)(2) is not on the court in which the application is pending but on the application itself. As long as the petition for certiorari involves an application for state court relief, section 2244(d)(2) requires that the statute of limitations be tolled. The court where the application is pending is irrelevant. While *Duncan* clarified that "State" modifies "review," it nowhere asserts that "State" also modifies "pending."

Judge Berzon's dissent in *White* continues, 281 F.3d. at 926-27:

*Duncan v. Walker*, 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001), does not suggest a different interpretation of § 2244(d)(2). That case based its holding that a federal habeas petition does not toll the

limitations period on the ground "that an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)." *Id.* at 2129. But an application for state habeas review, as opposed to an application for federal habeas review, is "an application for State post-conviction review or other collateral review," regardless of whether that application is being considered on appeal by a state supreme court or by the United State Supreme Court on certiorari. Thus, unlike the reading of § 2244(d)(2) rejected in Duncan, the interpretation I suggest gives full meaning to the word "State," but recognizes that the United States Supreme Court . . . can consider state . . . cases when they raise federal issues. Otherwise, what is the United States Supreme Court hearing when it considers a state habeas petition on certiorari? Not an application for federal post-conviction or other collateral review.

We agree with Judge Berzon's reasoning.

Furthermore, to require a petitioner to file his petition seeking federal habeas corpus relief before he has sought certiorari to the Supreme Court does not promote the finality of state court determinations and encourages the simultaneous filing of two actions seeking essentially the same relief. This disposition would also raise concerns about comity and exhaustion. If we chose to follow the panel decision in this case, a prisoner could file his petition for writ of certiorari to the United States Supreme Court on the day the highest state court denies him collateral relief, but if the United States Supreme Court takes more than a year to decide his case, the prisoner will be required to file a federal habeas petition before the Supreme Court had an opportunity to rule on his motion for state collateral relief. We doubt that Congress intended, in the Anti-Terrorism and Effective Death Penalty Act, to force prisoners to choose between federal habeas relief and seeking certiorari to the Supreme Court, or to do both simultaneously. While as a practical matter it is unlikely that many petitioners will be put in this position, because the federal habeas court could simply stay the habeas motion pending the Supreme Court's resolution of the certiorari petition, *see Miller*, 311 F.3d at 580-81, we do not believe it is appropriate or necessary to read the federal statutes to dictate such a rule.

We now turn to the question directly at issue in *Isham*, although not presented here, whether or not the period for filing certiorari tolls the statute of limitations where no petition is actually filed. Once a state supreme court has ruled on a petitioner's application for state post-conviction relief, the petitioner has ninety days to decide whether to petition for a writ of certiorari. Sup. Ct. R. 13. Section 2244(d)(2) provides that the one-year statute of limitations is tolled while a properly filed application for state post-conviction relief is "pending," 28 U.S.C. § 2244(d)(2), but it offers no clue as to whether an application is "pending" during the ninety-day period for seeking Supreme Court review. If that determination depends on whether a petitioner ultimately applies for a writ of certiorari, then courts and litigants can never know whether the statute of limitations is running during the period following their state post-conviction review; that determination will depend on events that are to happen down the road.

Indeed, petitioners who are equally diligent may face drastically different fates. Imagine, for example, two state inmates who file their petitions for state post-conviction relief after three hundred days in their limitation period have run. Sixty-five days after their applications for state post-conviction relief are denied, having passed through the highest appellate court in the state, their limitations period under section 2244(d)(1) will expire. On the seventieth day, each proceeds to another stage in the process: one files a petition for habeas corpus relief in federal district court, and because that petition is untimely, the petition is denied; the other petitions for a writ of certiorari from the United States Supreme Court, and not only is the petition accepted for

filing, but also the petitioner still has sixty-five days left to file a habeas corpus petition after the petition for a writ of certiorari is denied. That is, the petition for writ of certiorari would have *retroactively* tolled the second petitioner's limitations period, protecting his ability to seek section 2254 relief. The first petitioner, who was equally diligent — and who chose what is likely a more efficient route to federal habeas review — will be out of luck. Furthermore, a rule limiting the tolling to only those habeas corpus petitioners who actually file for certiorari would create a lock-in effect for the prison inmate who prepares a certiorari petition for sixty-nine days, but then changes tack on the seventieth day, deciding that it would be wiser strategically to file the habeas petition in the district court. Under the rule applied by a majority of our sister circuits, the inmate has to file a protective certiorari petition in order to preserve the opportunity to later file a habeas petition, generating an unnecessary and quite often futile hoop through which the inmate must hop. Failure to file such a protective certiorari petition because of a tactical change then retroactively obliterates the sixty-five days the inmate had left, even though the clock was not actually ticking during the sixty-nine days spent preparing the certiorari petition to the Supreme Court.

It makes little sense to allow events that happen after a limitations period appears to have expired to retroactively toll it, and the Supreme Court has explicitly rejected such a suggestion for collateral attacks by federal prisoners. In *Clay,* the Supreme Court held that the limitations period for a section 2255 petition does not run during the ninety-day period for seeking certiorari, even when the petitioner ultimately does not seek Supreme Court review. 123 S. Ct. at 1075. The only possible basis for distinguishing the Court's interpretation in *Clay* is that whereas there, the Court determined that a case does not become "final" in the postconviction context until the conclusion of the time for seeking Supreme Court review, here, a court would be asked to determine when an application is no longer "pending." Although a case may not be "final" until the ninety-day

period has expired, the argument goes, it is no longer "pending" once the state court has actually issued an order. This argument overlooks the almost tautological point that a case becomes "final" once it is no longer "pending"; they are but two sides of the same coin. Moreover, in *Carey*, the Supreme Court rejected the notion that a case is only "pending" for the purposes of section 2244(d)(2) until the court issues its order. 536 U.S. at 219-20. The Court there concluded that an application for state post-conviction relief is pending even during the period between one state court's decision and the litigant's appeal to the next level. Accordingly, "pending" should not be construed to refer only to the time a court takes to evaluate a case at some stage of the post-conviction review process; "pending" also refers to the time allowed an inmate to file a certiorari petition regardless of whether such filing actually occurs.

A statute of limitations should be clear. At any given point, courts and litigants should be able to determine whether the limitations period has begun, is running, is tolled, or has expired; whether a limitations period is running should not depend on events that happen only at a later date. Whether the limitations period is tolled during the ninety days that a petitioner has to seek certiorari should not depend on whether the petitioner actually decides to seek certiorari.

Because *Clay* explicitly holds that *federal* petitioners are to receive the benefit of the ninety-day certiorari period even when they seek no such relief, because *Carey* advances a broad definition of when a petition for state relief is "pending" under section 2244(d)(2), and because the contrary view leads to an unstable limitations scheme prone to subsequent revision, we hold that under section 2244(d)(2), the statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of the time for seeking Supreme Court review of the state's final judgment on that application independent of whether the petitioner actually petitions the Supreme Court to review the case.

For the foregoing reasons, we AFFIRM the judgment of the district court with respect to the timeliness of Abela's habeas petition, and the case is otherwise returned to the original panel for consideration on the merits.

---

**DISSENT**

---

SILER, Circuit Judge, dissenting. The position espoused by the majority sounds good and provides an easy way to determine whether the one-year limitations period under 28 U.S.C. § 2244(d)(1) is tolled. However, it is a position which has been repudiated by all other Circuits which have interpreted this statute and is a stretch of the law. After all, "Our task is to construe what Congress has enacted. We begin, as always, with the language of the statute." *Duncan v. Walker*, 533 U.S. 167, 172 (2001).

As the majority correctly analyzes the issue, it is whether the time under 28 U.S.C. § 2244(d)(2) for tolling purposes also includes the time between the denial of petitioner's state post-conviction claim and the denial of his petition for a writ of certiorari on that claim before the Supreme Court. The majority holds that this time is also included. We previously held in *Isham v. Randle,* 226 F.3d 691, 692 (6th Cir. 2000), *cert. denied*, 531 U.S. 1201 (2001), that the time was not included for tolling purposes when the petitioner did not seek certiorari review of his collateral attack. I would extend that holding from *Isham* to the present situation, where the petitioner did file for certiorari to the Supreme Court. In addition to refusing to apply *Isham*'s reasoning to circumstances in which the petitioner has filed for certiorari review following exhaustion of post-conviction relief, the majority of this court, while conceding that the issue is not properly before us, nonetheless suggests in dicta that *Isham* itself is not good law. Rather than casting doubt upon *Isham*, I would extend its holding to the present situation, in which the petitioner did file for certiorari to the Supreme Court. Thus, I would find that the time between May 28, 1998, when the Michigan Supreme Court denied leave on Abela's motion for relief from judgment until October 19, 1998, when the Supreme Court denied certiorari, is not excludable time for

tolling under 28 U.S.C. § 2244(d)(2). The reasons are explained herein.

As the majority explains, there is no Circuit authority in Abela's favor. *Morris v. Horn,* 187 F.3d 333, 337 (3d Cir. 1999), is the only case to hold that the statute of limitations is tolled under § 2244(d) during the pendency of a petition for certiorari, following the denial of post-conviction relief. However, that case has been repudiated in *Miller v. Dragovich*, 311 F.3d 574, 580 (3d Cir. 2002). The majority has recognized the plethora of authority in agreement with *Isham* and *Miller*. *See, e.g*, *Bunney v. Mitchell*, 241 F.3d 1151, 1155-56 (9th Cir.), *withdrawn on other grounds*, 249 F.3d 1188 (9th Cir. 2001); *Crawley v. Catoe*, 257 F.3d 395, 399-400 (4th Cir. 2001); *Snow v. Ault*, 238 F.3d 1033, 1035 (8th Cir. 2001); *Coates v. Byrd*, 211 F.3d 1225, 1227 (11th Cir. 2000); *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999); *Rhine v. Boone*, 182 F.3d 1153, 1156 (10th Cir. 1999).

The authority the majority here uses to justify its decision is from a dissent by Judge Berzon in *White v. Klitzkie*, 281 F.3d 920, 926 (9th Cir. 2002) (Berzon, J., dissenting). But the majority in that case very clearly held that "[a] petition for a writ of certiorari to the United States Supreme Court is simply not an application for state review." *Id.* at 924.

All of these cases follow the same basic reasoning. That is, they hold that the time under which a petition for certiorari is or could be filed is not considered the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). I would adopt that reasoning also.

The plain text of the statute does not suggest otherwise. Obviously the pragmatic approach has its merits, because it promotes an efficient administration of habeas corpus cases, but if Congress sees a need to change the system, it may amend the statute just as it has in the past. The recent

decisions in *Clay v. United States*, 123 S. Ct. 1072 (2003); and *Duncan*, 533 U.S. at 167, do not affect our decision in *Isham*.

More specifically, *Duncan* construed § 2244(d)(2) in the same way that *Isham* did, that is, that "State" modified both "post-conviction" and "other collateral review." *Duncan*, 533 U.S. at 172. Likewise, *Clay* followed the majority rule from the Circuits that § 2255 is interpreted to mean that "[A] judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay,* 123 S. Ct. at 1075. However, that case involved the issue of when the limitations began to run on a *federal* conviction, not a state collateral attack. And, although that decision states that "[t]he Courts of Appeals have uniformly interpreted 'direct review' in § 2244(d)(1)(A) to encompass review of a state conviction by this Court," *id.* at 1077 n.3, it never takes up the issue we are facing, the interpretation of § 2244(d)(2).

Therefore, I would continue to follow *Isham* in finding that "the denial of state post-conviction relief becomes final. . . after a decision by the state's highest court," *id.* at 695, and I would reverse the judgment of the district court finding Abela's habeas corpus petition was timely filed.