Kevin FREEMAN, Petitioner–Appellant,

v.

Terry TIBBALS, Warden, Respondent–Appellee.

No. 02–3616.

United States Court of Appeals, Sixth Circuit.

Dec. 3, 2003.

Kevin Freeman, Sr., pro se, St. Clairsville, OH, for Petitioner–Appellant.

Diane Mallory, Office of the Attorney General, Columbus, OH, for Respondent–Appellee.

Before BOGGS, Chief Judge; NORRIS, and CLAY, Circuit Judges.

## OPINION

PER CURIAM.

Petitioner Kevin Freeman appeals from an order of the district court dismissing his petition for a writ of habeas corpus, 28 U.S.C. § 2254, for failure to comply with the one-year limitation period set forth in 28 U.S.C. § 2244(d). Despite its ruling, the district court granted a certificate of appealability on the following question:

> Whether petitioner's habeas petition was timely as a result of the one-year limitations period set forth in 28 U.S.C. § 2244(d) being tolled for the ninety days during which a petition for writ of certiorari could have been filed after the Ohio Supreme Court ruled on petitioner's appeal of the denial of his application to reopen filed pursuant to Ohio R.App. P. 26(B).

Sitting en banc, this court has recently answered this question:

> [T]he statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of the time for seeking Supreme Court review of the state's final judgment on that application independent of whether the petitioner actually petitions the Supreme Court to review the case.

*Abela v. Martin*, 348 F.3d 164, 172 (6th Cir.2003). Because *Abela* is at odds with the reasoning of the district court, we reverse and remand this matter for further proceedings.

On May 6, 1999, petitioner was convicted of burglary in the Common Pleas Court of Allen County, Ohio. The Third District Court of Appeals affirmed this conviction. Although petitioner did not seek leave to appeal to the Ohio Supreme Court, he did file an application for delayed reopening of his appeal pursuant to Ohio Rule of Appellate Procedure 26(B). In a journal entry, the Third District Court of Appeals concluded that the motion was untimely. On August 30, 2000, the Ohio Supreme Court dismissed a subsequent appeal because it did not involve a "substantial constitutional question." [1]

On April 11, 2001, petitioner filed a motion to correct improper sentence. That motion was denied by the trial court on April 12 and dismissed by the Third District Court of Appeals on May 21, 2001.

Petitioner filed the instant action on September 5, 2001, although he signed his petition on August 27, 2001. The district court correctly applied the August 27 date in its analysis of the statute of limitations. *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir.1999) (applying "prison mailbox rule" to a motion to vacate sentence).

---

1. While petitioner's Rule 26 application was wending its way through the Ohio courts, he filed two separate motions for post-conviction relief. Because they were decided prior to a final ruling on his Rule 26 application, they do not affect our analysis with respect to the statute of limitations.

The statute at issue provides that the one-year limitation period shall run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). However, in calculating the one-year period, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation...." 28 U.S.C. § 2244(d)(2).

The district court calculated the limitations period as follows:

[P]etitioner's conviction became final on December 20, 1999, the date on which time expired for seeking direct review in the Ohio Supreme Court. The statute of limitations began to run on December 21, 1999, and continued until March 13, 2000, when petitioner filed his Rule 26(B) application. Thus, 83 days of the limitations period elapsed. The Rule 26(B) application served to toll the statute until August 30, 2000, the date on which the Ohio Supreme Court dismissed his appeal. At that time the clock resumed, and the limitations period expired 282 days later, on June 8, 2001. Applying the prison mailbox rule, ... August 27, 2001, was the earliest date on which petitioner could have delivered his petition to prison officials for mailing and, therefore, is the earliest date on which the petition may be considered filed. The petition was, therefore, untimely filed and is barred by the statute of limitations.

Opinion and Order, April 17, 2002, at 3. The district court declined to toll the statute for the ninety-day period during which petitioner could have sought a writ of certiorari in the United States Supreme Court, a conclusion that is understandable given our case law at the time. *See Isham v. Randle*, 226 F.3d 691, 692 (6th Cir.2000)

("we conclude that the one year limitations period is not tolled during the ninety days in which defendant could have petitioned the United States Supreme Court for a writ of certiorari"). *Abela* altered the law of this circuit, however, by holding that the statute of limitations is tolled during the ninety-day period in which a defendant may seek a writ of certiorari from the Supreme Court. *Abela*, 348 F.3d 164, 172. If we add the requisite ninety days to the date that the district court had calculated that the statute of limitations would expire, petitioner would have had until September 6, 2001, to file his habeas petition. Whether we apply the "prison mailbox" rule or not, therefore, his petition was timely.

The judgment of the district court is reversed and the cause remanded for further proceedings consistent with this opinion.