**Larry D. STEWART, Petitioner–Appellant,**

v.

**Harry K. RUSSELL, Warden, Respondent–Appellee.**

No. 02–4015.

United States Court of Appeals, Sixth Circuit.

Jan. 21, 2004.

Larry D. Stewart, pro se, Lebanon, OH, for Petitioner–Appellant.

Thelma Thomas Price, Office of the Attorney General, Columbus, OH, for Respondent–Appellee.

Before SUHRHEINRICH, COLE, and ROGERS, Circuit Judges.

*ORDER*

Larry D. Stewart, an Ohio state prisoner, appeals pro se a district court order

dismissing his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, as barred by the one-year statute of limitations. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Stewart was convicted following a 1997 jury trial of aggravated murder, attempted murder, two counts of aggravated robbery, two counts of kidnapping, and having a weapon under a disability. He was sentenced to thirty-three years to life imprisonment. His conviction was affirmed on direct appeal by the Ohio Court of Appeals, and he did not timely appeal that decision. Stewart had various types of overlapping challenges to his conviction pending in the state courts until July 12, 2000, when the Ohio Supreme Court denied his motion for a delayed appeal. This petition for a federal writ of habeas corpus was filed on July 23, 2001, raising ten grounds for relief. Respondent moved to dismiss the petition as barred by the statute of limitations. The matter was referred to a magistrate judge, who recommended that the motion to dismiss be denied. Respondent objected, and the district court rejected the magistrate judge's recommendation and dismissed the petition as time-barred.

On appeal, the parties have framed the issue as whether, in computing the statutory filing period, an additional ninety-day period following the Ohio Supreme Court's denial of Stewart's motion for a delayed appeal, the time during which he could have filed a petition for a writ of certiorari in the United States Supreme Court, should be counted before the statute of limitations begins to run. If such a period is counted, this petition would be timely. If the statute began to run immediately after the Ohio Supreme Court's denial of the motion for a delayed appeal, the petition was properly dismissed as barred by the statute of limitations.

This case was held in abeyance pending the en banc decision in *Abela v. Martin,* 348 F.3d 164 (6th Cir.2003), which addressed a similar issue. We now vacate the district court's decision in this case and remand for further consideration in light of *Abela.* Rule 34(j)(2)(C), Rules of the Sixth Circuit.