**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 31, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

REYNALDO ALVIDREZ,

      Petitioner-Appellant,

v.

DAVID McKUNE, Warden, Lansing
Correctional Facility,

      Respondent-Appellee.

No. 05-3129
(District of Kansas)
(D.C. No. 04-CV-3199-SAC)

**ORDER**

Before **BRISCOE**, **LUCERO**, and **MURPHY**, Circuit Judges.

Proceeding *pro se*, Reynaldo Alvidrez seeks a certificate of appealability

("COA") so he can appeal the district court's denial of the habeas petition he filed

pursuant to 28 U.S.C. § 2254.[1]  *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no

appeal may be taken from a final order disposing of a § 2254 petition unless the

---

[1] Although Alvidrez's notice of appeal was filed fourteen days late,
Alvidrez filed a timely motion for extension of time.  *See* Fed. R. App. P. 4(a)(5).
The district court granted Alvidrez's motion and, accordingly, this court has
jurisdiction over this matter.  *See Hinton v. City of Elwood*, 997 F.2d 774, 778
(10th Cir. 1993).

petitioner first obtains a COA). In 1999, Alvidrez was convicted of first degree murder, aggravated burglary, and criminal damage to property. Alvidrez's convictions were affirmed by the Kansas Supreme Court. *See State v. Alvidrez*, 20 P.3d 1264 (Kan. 2001). Alvidrez filed a state post-conviction petition on June 8, 2001; it was denied on July 11, 2001. According to Alvidrez, the Kansas Supreme Court denied his Petition for Review on March 28, 2003. Fourteen months later, on June 11, 2004, Alvidrez filed the instant § 2254 habeas petition. In the § 2254 petition, Alvidrez asserted claims that his counsel provided constitutionally ineffective assistance.

The district court ordered Alvidrez to show cause as to why his § 2254 petition should not be dismissed as untimely. *See* 28 U.S.C. § 2244(d)(1)(A), (d)(2). In his response, Alvidrez argued that he was entitled to equitable tolling of the one-year limitations period. The district court considered Alvidrez's arguments but concluded that he had failed to demonstrate that his failure to file a timely petition was caused by extraordinary circumstances beyond his control. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). The court also concluded that Alvidrez had failed to present specific facts indicating the steps he took to diligently pursue his claims. *See id*.

In his application for a COA and accompanying brief, Alvidrez re-asserts the argument that he is entitled to equitable tolling and challenges the basis on

which the district court denied his request for equitable tolling. We review for abuse of discretion a district court's decision whether or not to equitably toll the one-year limitations period. *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003).

Alvidrez is not entitled to equitable tolling unless he can demonstrate that he diligently pursued the claims raised in his § 2254 petition. *See Marsh*, 223 F.3d at 1220. The record before this court establishes that Alvidrez failed to act in a diligent fashion to preserve his right to file a federal habeas petition. By his own admission, Alvidrez was aware that the Kansas Supreme Court denied his Petition for Review no later than May, 2003. Nonetheless, he waited more than one year to file his § 2254 petition. Thus, it is clear that the district court did not abuse its discretion when it refused to equitably toll the one-year limitations period.

Alvidrez also argues that the one-year limitations period should be tolled during the period he could have sought certiorari in the United States Supreme Court from the Kansas court's judgment on his state post-conviction petition. Alvidrez's argument is foreclosed by circuit precedent. *Rhine v. Boone*, 182 F.3d 1153, 1156 (10th Cir. 1999), *but see Abela v. Martin*, 348 F.3d 164, 172-73 (6th Cir. 2003) (en banc).

To be entitled to a COA, Alvidrez must show "that jurists of reason would

find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 474, 484-85 (2000) (holding that when a district court dismisses a habeas petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct).  Our review of the record demonstrates that the district court's dismissal of Alvidrez's § 2254 petition as untimely is not deserving of further proceedings or subject to a different resolution on appeal.  Accordingly, this court **denies** Alvidrez's request for a COA and **dismisses** this appeal.

Entered for the Court
PATRICK FISHER, Clerk of Court


By
Deputy Clerk

-4-