*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 05a0468p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

ASHAD R.A. MUHAMMAD ALI,

　　　　　　*Petitioner-Appellant,*

　　*v.*

No. 04-5073

TENNESSEE BOARD OF PARDON AND PAROLES,

　　　　　　*Respondent-Appellee.*

>

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 03-00644—John T. Nixon, District Judge.

Argued: September 23, 2005

Decided and Filed: December 13, 2005

Before: COLE, ROGERS, and McKEAGUE, Circuit Judges.

---

**COUNSEL**

**ARGUED:** Mary Beth Young, JONES DAY, Columbus, Ohio, for Appellant. Elizabeth T. Ryan, OFFICE OF THE ATTORNEY GENERAL, Nashville, Tennessee, for Appellee. **ON BRIEF:** Mary Beth Young, Junxia T. Jernejcic, JONES DAY, Columbus, Ohio, for Appellant. Angele M. Gregory, OFFICE OF THE ATTORNEY GENERAL, Nashville, Tennessee, for Appellee.

---

**OPINION**

---

ROGERS, Circuit Judge. This case involves the timeliness of a habeas corpus petition challenging a denial of parole to a state prisoner. Accepting for the sake of argument the applicability of the one-year statute of limitations for habeas petitions found in 28 U.S.C. § 2244(d)(1), and assuming—again for the sake of argument—that Tennessee court review of parole determinations is collateral for purposes of the tolling provision of 28 U.S.C. § 2244(d)(2), the habeas corpus petition in this case was timely filed under our court's holding in *Abela v. Martin*, 348 F.3d 164 (6th Cir. 2003) (en banc). We therefore reverse the district court's dismissal of the habeas petition.

Petitioner Ashad R.A. Muhammad Ali was convicted in 1985 of first degree burglary, armed robbery, and aggravated rape. He was sentenced to ten years' imprisonment for the burglary, to be followed by concurrent sentences of twenty years' imprisonment for the robbery and thirty years' imprisonment for the rape. Ali received a parole hearing on July 24, 2000, but the Parole Hearings Division of the Tennessee Board of Pardon and Paroles denied parole on the ground that

"[t]he release from custody at the time would [d]epreciate the seriousness of the crime of which the offender stands convicted or promote [d]isrespect of the law." Ali received the denial on August 24, 2000. He appealed the denial, and the full Tennessee Board of Pardon and Paroles denied parole on December 6, 2000. Ali received notice of Tennessee's decision on December 12, 2000.

On January 29, 2001, Ali filed a petition for a writ of certiorari in the Chancery Court of Davidson County challenging his parole denial. He argued, among other things, that the Parole Hearings Division violated the Ex Post Facto Clause by using regulations enacted after his conviction rather than those in place at the time of his offense. The Chancery Court dismissed Ali's petition on April 25, 2001. The Tennessee Court of Appeals affirmed the dismissal of Ali's petition on January 22, 2002, and the Tennessee Supreme Court denied Ali's application for permission to appeal on July 8, 2002. Ali never sought a writ of certiorari in the Supreme Court of the United States to challenge the decision of the Tennessee Court of Appeals.

Ali sought a writ of habeas corpus under 28 U.S.C. § 2254 by mailing a petition from prison on either the 8th or 9th of July 2003. The petition was filed on July 16, 2003. The district court, however, construed the petition as having been brought under 28 U.S.C. § 2241 because "§ 2241 generally is used to challenge the execution of a sentence, or manner in which a sentence is being served." The district court ultimately dismissed the petition as time-barred, holding that the § 2244(d)(1) limitations period applies to § 2241 habeas petitions. Ali filed a timely notice of appeal.

Even if the statute of limitations applies, Ali's habeas petition was timely because it was filed within one year of the denial of his parole, regardless of whether the parole denial is construed to be the final administrative denial of parole or the final state judicial affirmance of parole denial. If the final administrative denial of parole started the one-year period under 28 U.S.C. § 2244(d)(1), and state court review is considered collateral rather than direct, Ali's petition is timely because statutory tolling of the period for such collateral review includes an additional 90 days during which Ali could have petitioned the United States Supreme Court to review the Tennessee court's final determination. *See Abela v. Martin*, 348 F.3d 164, 172-73 (6th Cir. 2003) (en banc). We therefore find it unnecessary to address the underlying questions of whether the § 2244(d)(1) limitations period applies to federal collateral review of parole determinations under § 2241 in the first place, and if so, when the one-year period starts.

Section 2244(d)(1) provides that "a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The language of the provision appears to apply to a habeas challenge like Ali's to a state parole denial. Ali has filed an application for a writ of habeas corpus and he is in custody pursuant to the judgment of a state court. An unpublished order from this court supports this reading. *See Brock v. Howes*, No. 03-2105, 96 Fed. Appx. 968, 969 (6th Cir. Apr. 30, 2004) (relying upon *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003), and *Owens v. Boyd*, 235 F.3d 356, 360 (7th Cir. 2000)). As Ali argues, though, such a reading leads to the arguably anomalous situation that state prisoners challenging the execution of their sentences are subject to the one-year statute of limitations, while similarly situated federal prisoners are not subject to such a time limit. However, we need not resolve the issue in this case because, as explained below, Ali's petition was timely even if the statute of limitations applies.

In the context of a challenge to a parole denial, the one-year period of § 2244(d)(1) appears to start when, under § 2244(d)(1)(D), Ali could have discovered the "factual predicate of the claim . . . through the exercise of due diligence." The other points provided by the statute for starting the period are not applicable. Section 2244(d)(1) provides:

(d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Both parties agree that §§ 2244(d)(1)(B) and (C) are not applicable to Ali's petition. Although Ali suggests that § 2244(d)(1)(A) could trigger the statute of limitations, the words "the judgment" in subsection (A) clearly refer to "the judgment" in the first sentence of (d)(1), i.e., the judgment pursuant to which the person is in custody—the judgment of conviction. To construe the word "judgment" in (A) more broadly to include post-confinement determinations by state officials in carrying out a sentence would be a strained reading, entirely unnecessary in the presence of the more logically applicable subsection (D).

The factual predicate of Ali's claim is his parole denial. The question then becomes when that denial occurred for purposes of § 2244(d)(1)(D). One possibility is the conclusion of state judicial review of the parole denial. Under that possibility, Tennessee does not contest that Ali's petition was timely.[1] The only other logical possibility is the (earlier) final administrative determination to deny parole. If we assume that "the factual predicate of the claim" in Ali's case was the administratively final denial of parole, then (as both parties agree) the time during which timely-brought state court judicial review is pending is excludable under § 2244(d)(2), which tolls the limitations period for the time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment *or claim* is pending." (emphasis added).

We now arrive at the determinative issue dividing the parties. If the state court judicial review was pending for purposes of § 2244(d)(2) not only until the Tennessee Supreme Court denied Ali's application for permission to appeal on July 8, 2002, *but also* during the following 90 days in which certiorari could have been sought to the United States Supreme Court, then Ali's petition was timely. That is, only 339 days at the most had elapsed: 47 days between December 12, 2000, the date Ali received notice of Tennessee's denial of his appeal, and January 29, 2001, the date Ali filed an application for a writ of certiorari in the Tennessee Chancery Court; and approximately 292 days between October 7, 2002, the last day Ali could have sought a writ of certiorari in the United States

---

[1]Ali claims that he deposited his petition in the prison mail system on July 8, 2003, exactly one year after the Tennessee Supreme Court denied Ali's application for permission to appeal on July 8, 2002. Tennessee does not argue that the petition was not timely if the 47 days are not counted between December 12, 2000 (the date Ali received notice of Tennessee's denial of his administrative appeal) and January 29, 2001 (the date Ali filed his judicial review application in the Tennessee Chancery Court). Those 47 days would not be counted if the parole denial is not considered final until the completion of state judicial review.

Supreme Court, and July 16, 2003, the date Ali's present habeas petition was filed with the district court.

The additional 90 days when a petition for certiorari could have been filed must be included under our prior decision in *Abela v. Martin*, 348 F.3d 164 (6th Cir. 2003) (en banc). In that case we held that:

> [U]nder section 2244(d)(2), the statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of the time for seeking Supreme Court review of the state's final judgment on that application independent of whether the petitioner actually petitions the Supreme Court to review the case.

348 F.3d at 172-73. Tennessee argues that this court should not extend *Abela* "to habeas petitions challenging administrative decisions" because the holding of *Abela* "has only been applied to cases where the petitioner is challenging a state court judgment of conviction."[2] The holding of *Abela*, however, gives no indication that such a distinction should be made. Once we assume that state-court proceedings to review administrative parole determinations are "collateral review with respect to the pertinent . . . claim," both the logic and the language of *Abela* require tolling of the additional 90 days. *Abela*, 348 F.3d at 172 (characterizing its holding as extending to "other collateral relief"). Accordingly, *Abela* applies, and thus Ali's petition was timely.

The judgment of the district court dismissing the habeas corpus petition as untimely is REVERSED.

---

[2]Our application of *Abela* has not been so limited. In *DiCenzi v. Rose*, we applied *Abela* to toll the limitations period with respect to a habeas petition following state-court proceedings on a motion to file a delayed appeal. 419 F.3d 493, 496-97 (6th Cir. 2005). In his habeas petition, among other things, DiCenzi alleged that "the Ohio Court of Appeals denied him due process when it denied his motion for delayed appeal." *Id.* at 497. According to DiCenzi, the court of appeals was required to grant his motion for a delayed appeal because the trial court did not inform him of his right to appeal after he was given the maximum possible sentence under Ohio law. *Id.* at 494. DiCenzi's habeas claim thus was not purely a case "where the petitioner is challenging a state court judgment of conviction." This court nonetheless applied *Abela* to toll the statute of limitations during the period in which DiCenzi could have sought certiorari in the Supreme Court of the United States.