NOT RECOMMENDED FOR PUBLICATION
File Name: 07a0099n.06
Filed: February 8, 2007

No. 05-5619

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

RICKEY STEPHAN COTTEN,

    Petitioner-Appellant,

      v.

JAMES M. DAVIS, TENNESSEE BOARD OF
PAROLE,

    Respondents-Appellees.

On Appeal from the United
States District Court for the
Middle District of Tennessee

———————————————————————/

**Before:**     **GUY, SUHRHEINRICH, and GRIFFIN, Circuit Judges.**

**PER CURIAM.**     Tennessee prisoner Rickey Stephan Cotten appeals from the dismissal of the petition for habeas corpus he filed pursuant to 28 U.S.C. § 2241. The four issues before us on appeal are: (1) whether the Tennessee Board of Parole violated Cotten's due process rights by failing to provide him with a timely parole revocation hearing; (2) whether the Board violated his due process rights when it held the warrant in abeyance until he completed his Florida sentence; (3) whether the Board violated Cotten's due process rights when it reissued the parole violator warrant with additional charges; and (4) whether the Board lacked jurisdiction to revoke Cotten's parole because his sentence had already expired. After review of the record and the arguments presented on appeal, we affirm.

**I.**

Cotten was convicted of burglary in Tennessee and sentenced to a term of not less than 23 years. He was paroled from state custody in October 1997, and remained under the supervision of the Tennessee Department of Corrections. On January 14, 1998, Cotten was arrested for "grand theft auto" in Orlando, Florida. Then, on January 20, 1998, the Tennessee Board of Parole issued a warrant based on information that Cotten had violated his parole by failing to maintain employment, failing to notify his parole officer of a change of residence, failing to enter an alcohol program, failing to report as instructed, and moving without permission. On March 23, 1998, a Florida court issued an order to hold and deliver Cotten on the parole violations. As the Tennessee Court of Appeals noted: "Because Mr. Cotten was then in custody in a Florida jail pending disposition of the auto theft charge, he was not then delivered to Tennessee authorities." *Cotten v. Tenn. Bd. of Paroles*, No. M2001-00875, 2002 WL 1484446, * 1 (Tenn. Ct. App. July 12, 2002) (unpublished).

Cotten entered a nolo plea to the Florida charge in May 1998, and was sentenced to seven and one-half years (with 135 days of jail credit) in July 1998. The Florida judgment specified (presumably as part of a plea bargain) that the sentence was to run concurrently with any sentence Cotten received as a result of the pending parole violations in Tennessee. Cotten sought a transfer to a Tennessee prison in 1999, but that request was denied due to overcrowding in the Tennessee jails and a freeze on the transfer of out-of-state prisoners. He then filed a request for leave to waive revocation hearing and be sentenced *in absentia* with the Tennessee Parole Board. Cotten never received a response to this request.

On March 5, 2001, Cotten filed a petition for writ of mandamus in the Davidson

County, Tennessee, Circuit Court asking that the Tennessee Parole Board be ordered to grant his request for waiver of revocation hearing and sentence him *in absentia*. The petition was denied by the trial court, the denial was affirmed on July 12, 2002, and leave to appeal to the Tennessee Supreme Court was denied December 2, 2002. A second parole violation warrant adding two new charges was issued by the Tennessee Parole Board on May 1, 2004. Cotten completed his Florida sentence on May 28, 2004, and was returned to the custody of the Tennessee Department of Corrections on June 2, 2004. A hearing was held on July 8, 2004, at the conclusion of which Cotten's parole was revoked. The revocation was affirmed on appeal.

Cotten filed his petition for writ of habeas corpus in federal court on December 20, 2004. Respondent answered and filed a motion to dismiss, which was granted by the district court on March 22, 2005. Petitioner appealed, and this court granted a certificate of appealability on the same four issues that petitioner raised in the district court.[1]

## II.

We review the district court's decision denying the petition for writ of habeas corpus *de novo*. *Lucas v. O'Dea*, 179 F.3d 412, 416 (6th Cir. 1999); *Wolfe v. Brigano*, 232 F.3d

---

[1]Although respondent argued that the petition was not filed timely, the district court observed that a petitioner has one year from the latest of four dates to file his habeas petition under 28 U.S.C. § 2244(d)(1). Measured from the date on which the judgment became final upon the expiration of the time for seeking review, the one-year period would expire March 3, 2004, and the petition would not be timely. *See* § 2244(d)(1)(A); *Abela v. Martin*, 348 F.3d 164 (6th Cir. 2003) (en banc). Instead, the district court found that the applicable date was the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence because at least two of petitioner's claims arose in early 2004. § 2244(d)(1)(D). Petitioner also argued that equitable tolling should apply. *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005). It is not necessary to resolve these questions because we affirm the district court's further finding that the claims are without merit.

499, 501 (6th Cir. 2000). Under the AEDPA, the writ may not be granted with respect to any claim adjudicated on the merits in state court unless the adjudication resulted in a decision (1) that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court; or (2) was based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d)(1) & (2). The state court's factual findings are presumed correct unless clear and convincing evidence to the contrary exists. 28 U.S.C. § 2254(e)(1). Claims not assessed on the merits by the state court are reviewed *de novo*. *McAdoo v. Elo*, 365 F.3d 487, 498 (6th Cir. 2004).[2]

The Supreme Court has held that "the conditional freedom of a parolee generated by statute is a liberty interest protected by the Due Process Clause of the Fourteenth Amendment which may not be terminated absent appropriate due process safeguards." *Moody v. Daggett*, 429 U.S. 78, 85 (1976) (citing *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972)). The issue in *Moody* was not whether a hearing would ever be required, but whether a hearing was required before the parolee was taken into custody as a parole violator. *Id*. at 86. The petitioner in *Moody* shot and killed two people while on parole from an unrelated rape conviction. He pleaded guilty to manslaughter and second-degree murder, and was sentenced to two concurrent ten-year sentences. After he was incarcerated, a parole violation warrant

---

[2]While respondent concedes that exhaustion was not raised as a defense with respect to claims three and four, it was also not expressly waived. 28 U.S.C. § 2254(b)(1) & (3); *Clinkscale v. Carter*, 375 F.3d 430, 436 (6th Cir. 2004), *cert denied*, 543 U.S. 1177 (2005). A "mixed" petition asserting exhausted and unexhausted claims may be dismissed on the merits if the entire petition is without merit. 28 U.S.C. § 2254(b)(2). Because we affirm the dismissal on the merits, we do not reach petitioner's claim that he falls within an exception to the exhaustion requirement.

was issued but not executed. Moody requested that the parole board execute the warrant immediately so that any sentence imposed for the parole violation would run concurrently with the sentences he was already serving. The request was denied, and Moody sought habeas relief on the grounds that he had been denied a timely hearing in violation of the due process protections recognized in *Morrissey*. In rejecting Moody's claims, the Supreme Court explained that

> in holding that "[t]he revocation hearing must be tendered within a reasonable time after the parolee is taken into custody," *Morrissey*, 408 U.S., at 488, we established execution of the warrant and custody under that warrant as the operative event triggering any loss of liberty attendant upon parole revocation. This is a functional designation, for the loss of liberty as a parole violator does not occur until the parolee is taken into custody under the warrant.

*Moody*, 429 U.S. at 87.

We find that rejection of Cotten's first two claims by the Tennessee Court of Appeals was neither contrary to nor an unreasonable application of *Moody*. The critical factual determinations, which are entitled to a presumption of correctness, were the state court's findings (1) that Cotten was taken into custody on the Florida charge six days before the first parole violator warrant was even issued; and (2) that, notwithstanding service of the parole violator warrant in March 1998, Cotten was not taken into custody under the warrant as a parole violator at that time. Consequently, the state court properly concluded both that Cotten's due process right to a timely revocation hearing was not triggered in March 1998, and that he had no due process right to force a revocation decision so that the remainder of his Tennessee sentence could be served concurrently. The district court did not err in rejecting claims one and two on the merits.

Third, Cotten asserts that he was denied due process by the issuance of the second parole violation warrant that included two additional charges (based on the Florida conviction). To the extent that this claim rests on the assertion that due process was triggered by the service of the first warrant, it fails for the same reasons as the first two claims. The focus of the argument on appeal is the contention that the Board violated its procedures that require a follow up parole violation report be prepared every 180 days by failing to issue a follow up report within 180 days after being made aware of the Florida conviction. Petitioner does not explain how the alleged failure to follow the administrative rules violated any due process right to a timely revocation hearing after he was taken into custody on June 2, 2004. In fact, there is no constitutionally protected liberty interest in having a state parole board follow its own statutes and regulations. *Olim v. Wakinekona*, 461 U.S. 238, 239 (1983); *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (1994).

Petitioner's fourth claim—that the Board lacked jurisdiction to revoke his parole on July 8, 2004, because his sentence had expired—presumes that the Florida and Tennessee sentences were running concurrently while he was incarcerated in Florida. Not only did the Board inform petitioner otherwise in 1998, but the state court determined that the warrant was not "executed" in March 1998 as petitioner was not taken into custody under the warrant. Finally, as discussed earlier, Cotten did not have a constitutionally protected right to have his Tennessee sentence run while he was serving his sentence on the Florida conviction. *Moody*, 429 U.S. at 87-88.

The district court's dismissal of Cotten's habeas petition is **AFFIRMED**.