MURPHY, Circuit Judge,
concurring.
While I do not agree that Christeson’s counsel’s calculation of AEDPA’s limitations period was a “reasonable interpretation of then existing caselaw” as the district court found, I nonetheless concur because this error did not merit reopening under Federal Rule of Civil Procedure 60(b) or equitable tolling.
The district court credited the explanation by Christeson’s attorneys that they based their calculation of AEDPA’s limitations period on then existing case law, including the Sixth Circuit’s decision in Abela v. Martin, 348 F.3d 164 (6th Cir. 2003) (en banc), overruled by Lawrence v. Florida, 549 U.S. 327, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007). In Abela, the Sixth Circuit decided that AEDPA’s limitations period was tolled under 28 U.S.C. § 2244(d)(2) “from the fifing of an application for state post-conviction or other collateral relief until the conclusion of the [90 days] for seeking Supreme Court review of the state’s final judgment.” 348 F.3d at 172-73. In dissent, Judge Siler observed *591 that there had been “no Circuit authority” in support of the majority’s rule. Id. at 173.
Counsel in the case before us should, however, have been aware that the tolling period calculated under Abela had been explicitly rejected by the Eighth Circuit. In fact, the Sixth Circuit had observed in Abela that other appellate courts, including the Eighth Circuit, had rejected its tolling rule. 348 F.3d at 169 (citing Snow v. Ault, 238 F.3d 1033, 1035 (8th Cir. 2001)). In Snow, the Eighth Circuit had concluded that the petitioner who had not sought a writ of certiorari would not be entitled to an additional 90 days of tolling under 28 U.S.C. § 2244(d)(2) at the conclusion of state postconviction review.[5] 238 F.3d at 1035.
The panel opinion states that this miscalculation may have been “negligent” but on this record it appears that counsel’s conduct crossed the line from negligent to deficient representation. The question before us is not whether Christeson’s counsel provided ineffective assistance, however, but whether Christeson’s counsel engaged in such “serious attorney misconduct” that counsel effectively abandoned Christeson. United States v. Martin, 408 F.3d 1089, 1093 (8th Cir. 2005). Here, counsel allegedly conducted some legal research, cursory as it may have been. Minimal or mistaken legal research does not equate to serious attorney misconduct, however. See King v. Hobbs, 666 F.3d 1132, 1137 (8th Cir. 2012); see also Cadet v. Florida Dep’t of Corr., 742 F.3d 473, 480-81 (11th Cir. 2014). Given that counsel’s performance here has not been shown to amount to serious misconduct, I concur.

. Snow v. Ault was also cited in Christeson’s pro se motion in district court requesting the appointment of initial counsel. That motion, which one of Christeson’s attorneys admitted he had seen, stated that he needed counsel appointed immediately because in Snow v. Ault the “Eighth Circuit ruled that under the AEDPA the time for filing [a] habeas petition [would] commence running when rehearing [before the state supreme court] [was] ruled on."