**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Alex CRUZ, Defendant–Appellant.**

**No. 04–1136.**

United States Court of Appeals,
Sixth Circuit.

Aug. 20, 2004.

Rehearing En Banc Denied
Nov. 10, 2004.

Timothy P. VerHey, U.S. Attorney's Office, Grand Rapids, MI, for Plaintiff–Appellee.

Alex Cruz, FCI Ashland, Ashland, KY, pro se.

## ORDER

This matter is before the court upon consideration of the appellee's motion to dismiss the appeal. Appellee argues that this appeal should be treated as an appeal from the denial of a 28 U.S.C. § 2255 motion to vacate, and that the appeal should be dismissed because the appellant failed to obtain a certificate of appealability (COA). The appellant responded stating that the motion he filed in the district court for a determination of federal jurisdiction was not a 28 U.S.C. § 2255 motion to vacate.

■ Appellant's motion asserts that the district court lacked jurisdiction to convict him of bank robbery because the bank was not on a federal enclave. His sole argument, as the district court pointed out, was that a bank must be on federal land before federal authorities can initiate a prosecution for bank robbery. The district court denied the motion, pointing out that its jurisdiction was based on 18 U.S.C. § 2113 and 18 U.S.C. § 20, which makes it a federal crime to rob a bank insured by the Federal Deposit Insurance Company (FDIC).

The Tenth and Second Circuits, the only circuits to rule on the issue of whether a prisoner in custody must use § 2255 to challenge his conviction when that remedy is or was available, have both held that a federal prisoner seeking relief from a federal sentence has § 2255 as his exclusive remedy. *See La Van v. Fenton,* 607 F.2d 996 (2d Cir.1979); *Baker v. Sheriff of Santa Fe County,* 477 F.2d 118 (10th Cir. 1973). To permit a prisoner in custody to challenge the jurisdiction of the district court without a COA would undermine AEDPA's COA requirement.

■ The appellee is correct that a COA has not been granted for this appeal. The issuance of a COA was not considered by this court when the appeal was filed or by the district court because at no point in the proceeding was the motion labeled as a § 2255 motion. *See* Fed. R.App. P. 22(b). The district court did not file or designate the motion as a § 2255 action, and this court did not docket the case as a § 2255 appeal.

28 U.S.C. § 2255 provides that

a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or *that the court was without jurisdiction* to impose such sentence ... or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate. (Italics added)

While the district court did not label appellant's petition as a § 2255, it is clear that it should have done so since appellant was claiming that he was in custody in

violation of the Constitution and the district court which had sentenced him was without jurisdiction.

Under AEDPA, a defendant must have a COA to appeal the denial of § 2255 petition. 28 U.S.C. § 2253(c)(1). Defendant cannot avoid the requirement by failing to seek a certificate. Ordinarily, when the petitioner seeks to appeal from the § 2255 denial the district judge will determine whether to issue the certificate and on what issues. If denied, the petitioner may request a certificate from the court of appeals. Rule 22(b)(2) provides that when an appellant fails to file an express request for a COA, the notice of appeal constitutes such a request to the judges of the court of appeals. We generally transfer COA requests in the first instance to the district court when the district court has not ruled. However, we can proceed to consider whether to grant the COA ourselves. *United States v. Mitchell*, 216 F.3d 1126 (D.C.Cir.2000).

We do so here because we have examined appellant's claim in order to rule on the motion to dismiss and it is so without merit that a remand to the district court and a subsequent appeal to the court of appeals for a COA would be wasteful of judicial resources. Appellant has cited to no authority in support of his claim that 18 U.S.C. § 2113 is inapplicable to the robbery of the bank in question. It was insured by the FDIC and, thus, subject to federal jurisdiction. This court has on at least two occasions where the evidence with respect to such insurance was questioned and jurisdiction challenged affirmed the convictions after concluding that the evidence of FDIC insurance was sufficient. *See United States v. Rowan*, 518 F.2d 685, 692 (6th Cir.1975) (Government required to establish that bank's deposits were insured by FDIC to establish violation of 18 U.S.C. § 2113); *See also Hamilton v.*

*United States*, 475 F.2d 512, 514 (6th Cir.1973)(testimony of bank manager that bank insured by FDIC was sufficient to establish jurisdiction (district court)).

Accordingly, a certificate of appealability is denied and the appeal is dismissed.