NOT RECOMMENDED FOR PUBLICATION

File Name: 08a0730n.06

Filed: November 26, 2008

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

### No. 05-2542

| | | |
|---|---|---|
| ALFREDRICK LEE HENDERSON, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| TIMOTHY LUOMA, | ) | WESTERN DISTRICT OF MICHIGAN |
| | ) | |
| Respondent-Appellee. | ) | |

BEFORE:    GIBBONS and COOK, Circuit Judges; and STEEH, District Judge.[*]

**STEEH, District Judge.**  Petitioner Alfredrick Lee Henderson appeals from a district court decision denying his petition for habeas corpus as untimely.  Because Henderson's petition was timely under the law as it existed in the Sixth Circuit at the time it was filed, and because petitioner could not have known about a future reversal of that law by the United States Supreme Court, equitable tolling should apply and Henderson's petition deemed timely.  Therefore, we **VACATE** the district court's decision finding the petition for habeas corpus untimely and **REMAND** for consideration on the merits.

## FACTUAL BACKGROUND

_____

[*]The Honorable George Caram Steeh, United States District Judge for the Eastern District of Michigan, sitting by designation.

1

Petitioner Alfredrick Lee Henderson ("Henderson") pleaded no contest to one charge of assault with intent to commit murder and one charge of felony firearms on December 5, 2000 in Michigan state court. He was sentenced to serve 18 to 40 years in prison. The Michigan Supreme Court affirmed Henderson's conviction on September 30, 2002. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner has one year from the time that his conviction became final "by the conclusion of direct review or the expiration of the time for seeking such review" to file a petition for habeas corpus. 28 U.S.C. §2244(d)(1)(A). If direct review concluded at the expiration of the 90-day period in which a party could seek review by the United States Supreme Court, Henderson had until December 30, 2003, to file his habeas petition.

On December 9, 2003, Henderson sought post-conviction relief in state court. The Michigan Supreme Court affirmed denial of post-conviction relief on May 31, 2005. Henderson filed his petition for habeas corpus on July 7, 2005.

The magistrate judge issued a report and recommendation finding the habeas petition untimely; this finding was adopted by the district court in dismissing the petition with prejudice. However, the analysis by the magistrate failed to consider the ruling in *Abela v. Martin*, 348 F.3d 164, 172-73 (6th Cir. 2003) (en banc), which would have lead to the conclusion that the habeas petition was timely under the law existing in the Sixth Circuit at that time.

On January 11, 2007, this court issued a certificate of appealability (COA) on the issue of "whether Henderson's petition was timely." After the COA was issued in this case, the Supreme Court decided *Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079 (2007). Just as clearly as the petition was timely under *Abela* at the time it was filed, it would be considered untimely under *Lawrence*, which effectively overturned the rule of law in *Abela*. After *Lawrence*, "direct review"

2

no longer includes the 90-day period for a party to seek certiorari from the United States Supreme Court.

## DISCUSSION

This Court "review[s] *de novo* a district court's determination that a habeas corpus petition was untimely filed." *Walker v. Smith*, 360 F.3d 561, 563 (6th Cir. 2004). When the district court denies a habeas petitioner equitable tolling as a matter of law, or on the basis of undisputed facts, that decision also is reviewed *de novo*. *Dunlap v. United States*, 250 F.3d 1001, 1007 & n.2 (6th Cir. 2001).

### I. Equitable Tolling

Henderson's habeas petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and must be filed within one year from the date on which the state court judgment became final. 28 U.S.C. § 2244(d)(1)(A). Under the law that existed in this circuit at the time in question, the limitations period for Henderson to file his habeas petition ended on December 30, 2003. However, Henderson's motion for relief from judgment, filed on December 9, 2003, and pending in the Michigan courts until May 31, 2005, tolled the limitations period. 28 U.S.C. § 2244(d)(2). The law in the Sixth Circuit provided that the limitations period was further tolled until the expiration of the ninety-day period in which Henderson could have petitioned the United States Supreme Court to review the Michigan Supreme Court's dismissal of his motion for relief from judgment, despite the fact that Henderson did not file a petition for writ of certiorari. *Abela*, 348 F.3d at 172-73. Therefore, the running of the AEDPA limitations period resumed on August 29, 2005, and Henderson had another 21 days, until September 19, 2005, to

3

file his petition. (The 21 days represents the time between December 9, 2003, when Henderson sought post-conviction relief and the AEDPA clock was stopped, and December 30, 2003, when the habeas petition would have been due if post-conviction relief had not been sought). Henderson filed his petition on July 7, 2005, well before the AEDPA limitations period expired under *Abela*.

On February 20, 2007, after the Sixth Circuit certified this appeal, and nineteen months after Henderson's habeas petition was filed, the United States Supreme Court issued its decision in *Lawrence*. The Supreme Court decided that the AEDPA limitations period would not be tolled during the 90 days in which a prisoner can seek that Court's review of a state court's denial of post-conviction relief. *Lawrence* therefore effectively overruled *Abela*.

The issue before the Supreme Court in *Lawrence* was whether the limitations period under the AEDPA, which was acknowledged to be tolled by the filing of a petition for state post-conviction relief, is also tolled during the pendency of a petition for certiorari seeking review of the denial of state post-conviction relief. The Court looked at whether, under § 2244(d)(2), an "application for State post-conviction or other collateral review is pending" while the Supreme Court considers a certiorari petition. *Lawrence*, 127 S.Ct. at 1082-83. The Court concluded that an application to the United States Supreme Court was not part of a State's post-conviction procedures, and "State review ends when the state courts have finally resolved an application for state postconviction relief." *Id*. at 1083. Indeed, for purposes of exhausting state remedies, a state prisoner need not petition for certiorari at all. *Id*. (citations omitted).

Under the holding in *Lawrence*, the running of the AEDPA limitations period in this case resumed as soon as the Michigan Supreme Court denied Henderson's collateral relief on May 31,

4

2005. The 21 days remaining in this period expired on June 21, 2005, before Henderson filed his petition on July 7, 2005. Henderson urges this court to apply the principles of equitable tolling because extraordinary circumstances beyond his control prevented his timely filing when the applicable deadline was shortened by the Supreme Court after his petition had been filed. See *Griffin v. Rogers*, 399 F.3d 626, 636 (6th Cir. 2005).

"Because AEDPA's one-year statute of limitations is not jurisdictional, a petitioner who misses the deadline may still maintain a viable habeas action if the court decides that equitable tolling is appropriate." *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). To be entitled to equitable tolling, a petitioner "must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence*, 127 S.Ct. at 1085 (quotation marks omitted). Courts in the Sixth Circuit consider five factors when making a determination about equitable tolling:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008. "Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005).

Equitable tolling has previously been applied when applicable filing deadlines are satisfied but such deadlines are subsequently shortened, thus making an already-filed petition untimely. For example, in *Griffin* a habeas petition was dismissed for failure to exhaust state court remedies at a time when this court had not yet limited the time allowed for refiling in federal court. Three

5

years later, this court decided that refiling had to occur within 30 days. Petitioner's filing took place seven months after exhaustion; however, this court held that tolling was appropriate because Sixth Circuit law in effect when the petitioner refiled did not indicate that delay would later cause the petition to be untimely. "The notion that the operation of equitable tolling is dependent upon a litigant's compliance with an unknown, retroactive, hard 30-day deadline is inimical to equity itself." *Griffin*, 399 F.3d at 639.

As petitioner in this case points out, if the failure to comply with an unknown deadline warrants equitable tolling, then so should compliance with an unambiguous known deadline that is subsequently changed by the courts. When Henderson filed his petition in July 2005, this circuit's tolling rules were clear: The AEDPA limitations period was tolled during the 90 days in which a petitioner could seek review by the United States Supreme Court of a state court's denial of post-conviction relief. *Abela*, 348 F.3d at 172-73 (en banc ruling, reversing previous position taken in *Isham v. Randle*, 226 F.3d 691, 695 (6th Cir. 2000)). Henderson timely filed his petition while the AEDPA limitations period was tolled under *Abela*. Almost two years later, the Supreme Court effectively overruled *Abela* and held that the AEDPA limitations period should not be tolled during the 90 days in which a petitioner can seek Supreme Court review of a state court's denial of collateral relief. *Lawrence*, 127 S.Ct. at 1080.

Obviously, Henderson lacked notice that the limitations period would not be tolled because *Lawrence* had not been decided at the time he filed his petition. Henderson was diligent in pursuing his rights by filing his petition well within the 90 day tolling period under *Abela*. The respondent has not advanced the claim of any prejudice it would suffer by applying equitable tolling in this case. Lastly, Henderson was reasonable in his actions because he complied with the

6

law in this circuit at the time he filed his petition.  Even though Henderson's petition is untimely under the tolling rule announced by *Lawrence*, his petition should be deemed timely under the doctrine of equitable tolling because he justifiably relied on the Sixth Circuit's binding precedent.

## II.  Gateway Actual Innocence

Henderson argues that his habeas petition should also be deemed timely filed because he has established a claim of gateway actual innocence.  The court has already found equitable tolling to apply and need not address petitioner's alternative argument.

## CONCLUSION

Because Henderson's petition for habeas corpus is deemed timely based on equitable tolling of the limitations period, the decision of the district court is **VACATED** and the case is **REMANDED** for consideration on the merits.