RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 09a0322p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

MICHAEL PAUL SHERWOOD,

  *Petitioner-Appellant,*

  *v.*

JOHN PRELESNIK,

  *Respondent-Appellee.*

No. 08-1019

———————————

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 07-00425—Richard A. Enslen, District Judge.

Argued: June 16, 2009

Decided and Filed: September 3, 2009

Before: KEITH, COLE, and WHITE, Circuit Judges.

———————————

**COUNSEL**

**ARGUED:** Stuart G. Friedman, KIRSCH & SATAWA, P.C., Southfield, Michigan, for Appellant. Debra M. Gagliardi, OFFICE OF THE MICHIGAN ATTORNEY GENERAL, Lansing, Michigan, for Appellee. **ON BRIEF:** Stuart G. Friedman, Mark A. Satawa, KIRSCH & SATAWA, P.C., Southfield, Michigan, for Appellant. Brian O. Neill, OFFICE OF THE MICHIGAN ATTORNEY GENERAL, Lansing, Michigan, for Appellee.

———————————

**OPINION**

———————————

WHITE, Circuit Judge. Michael Sherwood, a Michigan prisoner, appeals a district court judgment dismissing his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 as barred by the one-year statute of limitations in § 2244(d). A panel of this court granted Sherwood a certificate of appealability on two issues: (1) whether a timely motion for rehearing in a state supreme court on a post-conviction appeal tolls the time for a habeas corpus petition under 28 U.S.C. § 2244(d); and (2) whether cases pending when the Supreme

1

Court overruled *Abela v. Martin,* 348 F.3d 164 (6th Cir. 2003), in *Lawrence v. Florida*, 127 S. Ct. 1079 (2007), are entitled to equitable tolling. Under the facts presented here, we answer both questions in the affirmative, and reverse the district court's dismissal of Sherwood's petition.

I.

In 2002, Sherwood was charged with six counts of criminal sexual conduct in the first degree in violation of Mich. Comp. Laws, § 750.520b(1)(b)(ii) (victim age thirteen to fifteen and actor related to victim). After a jury trial, Sherwood was convicted of five of the six counts. On May 1, 2002, he was sentenced to concurrent prison terms of ten to thirty years for each count. Sherwood appealed, and the Michigan Court of Appeals affirmed his conviction. *People v. Sherwood*, No. 242717, 2003 WL 22796827 (Mich. Ct. App., Nov. 25, 2003). The Michigan Supreme Court denied Sherwood's application for leave to appeal on June 30, 2004. *People v. Sherwood,* 682 N.W.2d 95 (Mich. 2004).

On September 29, 2005, rather than file a petition for writ of habeas corpus, Sherwood filed a motion for post-conviction relief pursuant to Michigan Court Rule 6.500 *et seq*. The trial court denied the motion, and the Michigan Court of Appeals denied leave to appeal. Sherwood then sought leave to appeal to the Michigan Supreme Court, which was denied on January 29, 2007. Sherwood filed a timely motion for reconsideration of the Supreme Court's January 29, 2007 order, which was denied on April 24, 2007. *People v. Sherwood*, 729 N.W. 2d 848 (Mich. 2007).

On April 30, 2007, with the assistance of counsel, Sherwood filed a petition for a writ of habeas corpus in the U.S. District Court for the Western District of Michigan. A magistrate judge reviewed Sherwood's petition and recommended that the district court dismiss the petition as barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). The district court adopted the magistrate's report and recommendation and dismissed Sherwood's petition, rejecting Sherwood's argument that the statute of limitations was tolled while his motion for reconsideration was pending before the Michigan Supreme Court. Sherwood filed a motion for reconsideration of the district court's order, which was denied.

Sherwood requested a certificate of appealability from the district court, which was denied. Sherwood then requested a certificate of appealability from this court, and this court granted rehearing of a single-judge order denying the certificate, and allowed an appeal on two issues: (1) whether a timely motion for rehearing in a state supreme court on a post-conviction appeal tolls the time for a habeas corpus petition under 28 U.S.C. § 2244; and (2) the effect of equitable tolling on the time for filing a petition for habeas corpus with respect to cases pending when the Supreme Court overruled *Abela v. Martin,* 348 F.3d 164 (6th Cir. 2003), in *Lawrence v. Florida*, 127 S. Ct. 1079 (2007).

II.

This court reviews a "district court's decision to grant or deny a writ of habeas corpus *de novo*; however, the district court's factual findings will not be disturbed unless they are clearly erroneous." *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001). "Questions of statutory construction are also reviewed *de novo*." *Id.* Specifically, this court reviews *de novo* the district court's decision not to apply equitable tolling. *Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005).

As amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 28 U.S.C. § 2244(d) states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)      The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under § 2244(d)(1), a "1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court." The statute of limitations begins to run from the latest of four circumstances, one of which is the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In the instant case, Sherwood appealed his conviction first to the Michigan Court of Appeals, and then to the Michigan Supreme Court. The Michigan Supreme Court denied his application on June 30, 2004, and Sherwood had ninety days from that date to file a petition for writ of certiorari with the United States Supreme Court, which he declined to do. Thus, his conviction became final on September 29, 2004, when the time period for seeking certiorari expired. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) (one-year statute of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired); *see Lawrence,* 127 S. Ct. at 1083 (acknowledging that direct review under § 2244(d)(1)(A) "encompass[es] review of a state conviction by [the Supreme] Court.")

Sherwood's one-year time limit for filing a habeas petition began running on September 30, 2004. On September 29, 2005, with two days of the one-year time period remaining, Sherwood filed a motion for post-conviction relief under the Michigan court rules. Pursuant to § 2244(d)(2), the time during which this motion was "pending" is not counted toward the period of limitations. The parties agree that the one-year time period was tolled at least until January 29, 2007, the date the Michigan Supreme Court denied Sherwood's application for leave to appeal. However, Sherwood filed a timely motion for reconsideration, which was denied on April 24, and Sherwood's habeas petition was filed on April 30.

On September 11, 2007, the district court dismissed Sherwood's habeas petition as untimely, finding that the statute of limitations had resumed running on January 29, 2007, making Sherwood's April 30 petition untimely by three months. *Sherwood v. Prelesnik*, No. 1:07-CV-425, 2007 WL 2694512 (W.D. Mich. Sept. 11, 2007). The district court stated: "[c]ourts in the Sixth Circuit view state post-conviction review as ending when the state supreme court denies *leave to appeal*, not when the state supreme court denies a motion for reconsideration." *Id.* at *1. On this basis, the district court dismissed Sherwood's petition as untimely, finding that when the Michigan Supreme Court denied Sherwood's motion for leave to appeal on January 29, "the statute was no longer tolled . . . Petitioner had two days remaining, until January 31, 2007, in which to file a petition for habeas relief. Since Petitioner did not file until April 30, 2007, his Petition is time-barred by § 2244(d)(1)(A)." *Id.*

Sherwood filed a motion to reconsider the district court's September 11 order, and on December 13, 2007, the district court issued a second order upholding its earlier decision, but acknowledging that it was not clear in this circuit "whether state post-conviction review ends, for purposes of § 2244(d), when a state's highest court denies leave to appeal or denies a motion for reconsideration." *Sherwood v. Prelesnik*, No 1:07-CV-425, 2007 WL 4358179, *1 n.2 (W.D. Mich. Dec. 13, 2007). The court explained:

> Petitioner argues that the Court failed to consider one vital fact: Petitioner filed a timely motion for reconsideration of the denial of leave with the Michigan Supreme Court on February 27, 2007, which was denied on April 24, 2007. Petitioner argues tolling continued until this motion was denied. Assuming, arguendo, that Petitioner is correct and that a palpable defect exists in the Final Order, Petitioner still filed his habeas petition four days late on April 30, 2007.
>
> Therefore, the same disposition of the case results.

*Id.* (footnotes omitted).

The first question before this panel is "whether a timely motion for rehearing in a state supreme court on a post-conviction appeal tolls the time for a habeas corpus petition under 28 U.S.C. § 2244." More specifically, the question on these facts is whether Sherwood's post-conviction motion was no longer "pending" (causing the statute of limitations to cease tolling) on January 29, when his application for leave to appeal was

denied, or on April 24, when his motion for reconsideration was denied. Respondent declines to address that issue in the instant appeal, and argues instead that resolution of the issue is immaterial, as even if the statute was tolled until April 24, 2007, Sherwood's petition would still be four days late when it was filed on April 30, 2007.

As the district court noted in its December 13 order, this circuit has not directly addressed whether a motion for rehearing continues to toll the one-year time limit imposed by § 2244(d). However, in *Allen v. Yukins*, 366 F.3d 396, 400 (6th Cir. 2004), this court stated that "[t]he state postconviction review process continued until October 30, 2000, when the Michigan Supreme Court denied Allen's motion for reconsideration." The *Allen* court used the Michigan Supreme Court's denial of Allen's motion for reconsideration as the date tolling stopped, but ultimately found the habeas motion untimely by seven months.

The Supreme Court, in *Carey v. Saffold*, 536 U.S. 214, 220 (2002), discussed the word "pending" as used in § 2244(d)(2): "The dictionary defines 'pending' (when used as an adjective) as 'in continuance' or 'not yet decided.' It similarly defines the term (when used as a preposition) as 'through the period of continuance ... of,' 'until the ... completion of.'" 536 U.S. at 219, (quoting *Webster's Third New International Dictionary* 1669 (1993)). *Carey* held that a state post-conviction application "remains pending" "as long as the ordinary state collateral review process is 'in continuance' - i.e., 'until the completion of' that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains 'pending.'" *Carey*, 536 U.S. at 219-220. In *Lawrence*, 549 U.S. at 332, the Supreme Court stated that "[s]tate review ends when the state courts have finally resolved an application for state postconviction relief. After the State's highest court has issued its mandate or denied review, no other state avenues for relief remain open."

Other circuits have addressed similar fact situations. Specifically, the Fifth, Tenth and Eleventh Circuits have concluded that the one-year time period is tolled during the period in which a motion for rehearing or reconsideration of post-conviction relief is allowed by the state. *Emerson v. Johnson*, 243 F.3d 931, 935 (5th Cir. 2001) (holding that "AEDPA's one-year statute of limitations is tolled during the period in which a Texas habeas

petitioner has filed such a motion [for reconsideration]")[1]; *Serrano v. Williams,* 383 F.3d 1181, 1187 (10th Cir. 2004) (limitations period was tolled during the period state's procedural rules allowed for filing a motion for rehearing); *Nix v. Sec'y for Dept. of Corr.*, 393 F.3d 1235, 1237 (11th Cir. 2004) ("a motion for state court rehearing falls within the category of 'State post-conviction or other collateral review'"). The Seventh Circuit, however, reached a different conclusion. *Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006) (an untimely motion for reconsideration did not continue to toll the limitations period); *Wilson v. Battles*, 302 F.3d 745, 748 (7th Cir. 2002) ("Any [state] provision allowing time for a rehearing petition has no bearing on AEDPA's one-year statute of limitations").[2]

Michigan Court Rule 7.313(E) permits a party to bring a motion for reconsideration within twenty-one days of the date an order is entered, and states that "the filing of a motion for reconsideration does not stay the effect of the order addressed in the motion." However, in Michigan, an application for leave to appeal also does not ordinarily stay the effect of the judgment. Mich. Ct. R. 7.209(A)(1), 7.302(I). In the instant case, neither Sherwood's application for leave to appeal the denial of his post-conviction motion nor his motion for rehearing of the Michigan Supreme Court's denial of that application stayed the effect of the order or judgment addressed in the application or motion. Nevertheless, it is undisputed that Sherwood's post-conviction motion was pending for § 2244(d)(2) purposes until his application for leave to appeal was denied by the Michigan Supreme Court. In this context, the fact that Sherwood's motion for rehearing did not stay the proceedings is not dispositive.

The twenty-one day time limit for filing a motion for rehearing in the Michigan Supreme Court is jurisdictional. A motion filed beyond that time will not be accepted

---

[1] *Brooks v. Walls,* 301 F.3d 839, 841 (5th Cir. 2002), abrogated *Emerson* to the extent it held that "petitions untimely under state rules nonetheless may be deemed 'properly filed.'" No such issue is involved here.

[2] The *Wilson* court noted that although Illinois Supreme Court Rule 367 provides that a party can file a petition for rehearing within 21 days after a reviewing court's ruling in a case, Illinois case law made clear that the judgment was final on the day it was entered. The court further observed that Wilson had never filed a petition for rehearing, further undermining his argument. *Wilson,* 302 F.3d at 748.

by the court.  Here, Sherwood did not attempt to resuscitate a claim that had already expired.  Further, unlike the petitioner in *Wilson*, 302 F.3d at 748, Sherwood actually filed a timely motion for reconsideration, and the Michigan Supreme Court thus had a timely filed motion over which it had jurisdiction pending before it until April 24, 2007, when it denied the motion.  Because state application for state post-conviction review remained "pending," AEDPA's one-year statute of limitations was tolled until April 24, 2007.

### III.

Sherwood acknowledges that even if this court finds that his motion for reconsideration continued to toll the statute of limitations, his petition was still untimely by four days.  Sherwood requests that the court find that he is entitled to equitable tolling based on his reliance on *Abela*, 348 F.3d 164, which was overruled by the Supreme Court on February 20, 2007 in *Lawrence*, 127 S. Ct. 1079.

"Because AEDPA's one-year statute of limitations is not jurisdictional, a petitioner who misses the deadline may still maintain a viable habeas action if the court decides that equitable tolling is appropriate." *Allen,* 366 F.3d at 401.  "Federal courts have typically extended equitable relief only sparingly." *Griffin*, 399 F.3d at 635.  When deciding whether equitable tolling should apply, courts evaluate the following factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Id.*  "These five factors 'are not comprehensive, nor is each of the five factors relevant in all cases.'" *Id.*  "Instead, courts must consider equitable tolling on a 'case-by-case basis.'" *Id.*

In its December 13 order, without addressing *Abela v. Martin* and *Lawrence v. Florida*, the district court declined to grant Sherwood equitable tolling, stating:

[T]he court remains convinced that equitable tolling is not warranted. . . . Petitioner has not demonstrated that he was diligently pursuing his rights or that some extraordinary circumstance stood in the way of timely compliance. Accordingly, the Court finds that Petitioner has not met the burden of establishing equitable tolling and that issuance of a certificate of appealability remains inappropriate.

*Sherwood v. Prelesnik*, No 1:07-CV-425, 2007 WL 4358179 at *1.

The Supreme Court's decision in *Lawrence* overruled this court's holding in *Abela v. Martin*. In *Abela*, this court held that the statute of limitations was "tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of the time for seeking Supreme Court review of the state's final judgment on that application independent of whether the petitioner actually petitions the Supreme Court to review the case." *Abela*, 348 F.3d at 172-73. *Lawrence* overruled *Abela*, holding that the "filing of a petition for certiorari before this Court does not toll the statute of limitations under § 2244(d)(2)." *Lawrence,* 127 S. Ct. at 1086. The Court found that the tolling provision contained in § 2244(d)(2) applies only to state post-conviction or collateral remedies, and that a petition for certiorari seeking review of a state's denial of post-conviction relief is a federal post-conviction remedy. *Id*. at 1083.

Sherwood waited 363 days from the time his conviction became final until he filed his post-conviction motion, tolling the one-year period with only two days remaining. Sherwood argues that under *Abela*, at the time he filed his state post-conviction motion, "he had ninety days from the denial of the state court motion for rehearing" to file his habeas petition. "By the time the rules changed, counsel had effectively no opportunity to alter the course of Mr. Sherwood's 'ship.'"

Respondent asserts that the equitable tolling factors weigh against granting Sherwood relief. Respondent points out that *Abela* had been "overruled for two months before Petitioner's motion for reconsideration was denied," and that Sherwood did not diligently pursue his rights, as he "wait[ed] until the last possible day under the statute of limitations," and thus "created a serious risk of filing untimely." However, respondent's argument ignores that Sherwood (through counsel) made a crucial decision when he opted to file his state post-conviction motion, rather than file a petition for writ

of habeas corpus in federal court. At the time that decision was made, *Abela* assured that Sherwood would have an additional ninety days after the Michigan Supreme Court's denial of an application for leave to appeal in which to file a petition for habeas corpus under § 2244(d)(2). Thus, although *Lawrence* was decided before Sherwood's motion for reconsideration was denied, Sherwood had already relied on *Abela*.

Lastly, we observe that there is no indication that Sherwood or his counsel proceeded in bad faith or without due diligence. It was reasonable for Sherwood's counsel to rely on *Abela* when deciding when to file his post-conviction motion. Accordingly, Sherwood is entitled to equitable tolling.

We REVERSE the district court's order dismissing Sherwood's habeas petition as untimely.