NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0275n.06

No. 09-3530

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Apr 28, 2011**

LEONARD GREEN, Clerk

MWANIKI JOHNSON,

    Petitioner-Appellant,

v.

STUART HUDSON, Warden,

    Respondent-Appellee.

)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF OHIO

BEFORE: NORRIS, ROGERS, GRIFFIN, Circuit Judges.

ROGERS, Circuit Judge. State prisoner Mwaniki Johnson appeals from the district court's

denial of his Rule 60(b) motion for relief from judgment in his federal habeas proceedings. This

court granted a certificate of appealability on the question of whether Johnson was entitled to

equitable tolling of the Antiterrorism and Effective Death Penalty Act's statute of limitations.

Because Johnson filed his petition within the time permitted under this circuit's then-controlling

precedent, a grant of equitable tolling is warranted.

Johnson's case has a long procedural history, beginning with Johnson's shooting of Anthony

King on November 14, 2002. On January 10, 2003, Johnson was indicted on two charges: one count

of felonious assault in violation of Ohio Rev. Code § 2903.11 and one count of attempted murder

under Ohio Rev. Code § 2923.02, both counts with a firearm specification and a repeat violent

offender specification. At trial, the jury convicted Johnson of attempted murder with the firearm

specification. At the court's order, the jury reconvened to consider the assault charge, and returned a guilty verdict. The trial court also found Johnson to be a repeat violent offender based on his probation officer's testimony that Johnson had previously been convicted of felonious assault. Johnson was sentenced to ten years' imprisonment at his first sentencing hearing, but the trial court did not impose a sentence for the felonious assault conviction. At the sentence review hearing, the trial court ordered that the original sentence be modified and sentenced Johnson to an additional eight years in prison, resulting in a total sentence of eighteen years. In his substantive habeas claims, Johnson argues that this resentencing was in violation of the double jeopardy clause.

Johnson filed a timely motion for appeal in the Ohio state appellate court, which affirmed the trial court's judgment. The Ohio Supreme Court denied leave to appeal on August 10, 2005. During the pendency of the direct appeal proceedings, Johnson filed a timely application to reopen his direct appeal under Ohio R. App. P. 26(B). The Ohio Court of Appeals denied the application to reopen and Johnson's motion to certify a conflict. Johnson appealed that decision to the Ohio Supreme Court, which affirmed the appellate court's decisions on October 26, 2005.

Johnson next turned to the federal courts, filing for a writ of habeas corpus in the Northern District of Ohio on December 21, 2006. The court referred the case to a magistrate judge who recommended that the district court deny Johnson's petition because it was not filed within the one-year statute of limitations provided by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), as outlined in 28 U.S.C. §2244(d). Johnson argued that his petition was consistent with the rule articulated in *Abela v. Martin*, 348 F.3d 164 (6th Cir. 2003), which tolled the one-year statute

of limitations provided in AEDPA during the ninety-day period in which the petitioner could appeal the state court's decision to the Supreme Court of the United States. On November 30, 2007, the district court denied Johnson's habeas petition and dismissed the case based on the holding in *Lawrence v. Florida*, 549 U.S. 327 (2007), which was issued two months after Johnson filed his petition and effectively overruled *Abela*. The Sixth Circuit denied Johnson's application for a certificate of appealability (COA), citing the statute of limitations bar outlined in the district court's decision. The Supreme Court of the United States denied certiorari in the case.

On December 29, 2008, Johnson filed a Motion for Relief from Judgment under Fed. R. Civ. P. 60(b), arguing that the district court overlooked the tolling rule in *Abela* when it first considered his petition. The district court acknowledged that Johnson's argument had some merit, but denied the motion on the grounds that the court could not "disturb a judgment by the Sixth Circuit." Johnson appealed from the denial of his Rule 60(b) motion, and this court construed his appeal as an application for a certificate of appealability.[1] The COA was granted "on the limited question of whether he was entitled to equitable tolling." An examination of Johnson's filing history reveals that Johnson justifiably relied on this court's holding in *Abela* and is entitled to equitable tolling.

---

[1]Generally, a petitioner must first seek a COA from the district court before this court will consider an appeal. This requirement has been extended to habeas petitioners seeking relief under Rule 60(b). *United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007). However, this court has recognized its ability to grant a COA in the first instance at its own discretion, a power that was apparently exercised in this case. *United States v. Cruz*, 108 F. App'x 346, 348 (6th Cir. 2004) (citing *United States v. Mitchell*, 216 F.3d 1126 (D.C. Cir. 2000)). The Government has not argued for remand to the district court for a ruling on the COA.

The 2003 *Abela* decision remained the law of this circuit until 2007, when the Supreme Court held "that the filing of a petition for certiorari before this court does not toll the statute of limitations under §2244(d)(2)." *Lawrence*, 549 U.S. at 337. This court has twice granted equitable tolling to habeas petitioners in light of the unanticipated change of the law in *Lawrence*. *Henderson v. Luoma*, 302 F. App'x 359 (6th Cir. 2008); *Sherwood v. Prelesnik*, 579 F.3d 581 (6th Cir. 2009). Like Johnson, the petitioner in *Henderson* filed a federal habeas petition outside of AEDPA's one-year statute of limitations, but within the 90-day period that the statute was tolled under this circuit's then-controlling law. 302 F. App'x 359 at 360-61. This court held that

> Henderson lacked notice that the limitations period would not be tolled because *Lawrence* had not been decided at the time he filed his petition. . . . Even though Henderson's petition is untimely under the tolling rule announced by *Lawrence*, his petition should be deemed timely under the doctrine of equitable tolling because he justifiably relied on the Sixth Circuit's binding precedent.

*Id*. at 362. This court later applied similar reasoning in a published decision in *Sherwood*, emphasizing that "*Abela* assured that Sherwood would have an additional ninety days after the Michigan Supreme Court's denial of an application for leave to appeal in which to file a petition . . . . Thus, although *Lawrence* was decided before Sherwood's motion for reconsideration was denied, Sherwood had already relied on *Abela*." 579 F.3d at 588-89. The reasoning of *Henderson* and *Sherwood* applies in Johnson's case.

Although equitable tolling is used sparingly by federal courts, Johnson's case meets the standard for granting such relief. *See Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560 (6th Cir. 2000) (equitable tolling rarely granted). Johnson's case warrants tolling

when considered under the factors this court has outlined for evaluating whether equitable tolling should apply in a habeas case: "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (citing *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988)).

Factors one through three clearly weigh in Johnson's favor. First, Johnson lacked notice that he was not entitled to a ninety-day tolling period. *Abela* was decided in 2003, and remained controlling until February 20, 2007, when the Supreme Court decided *Lawrence*. Johnson filed for a writ of habeas corpus in December of 2006, and therefore had no actual knowledge or foresight that the rule of this circuit would change according to the *Lawrence* decision. Second, Johnson lacked constructive knowledge that he was not entitled to a ninety-day tolling period, as this circuit's understanding of the filing requirement did not change until after Johnson filed his petition. In fact, this circuit's precedent clearly stated that Johnson *was* entitled to that period. Third, Johnson has exercised diligence in the pursuit of all of his appeals. Johnson has gone through the state appellate courts twice and the federal appeals process twice. At each step, he has timely filed his motions, at least as the deadlines were understood in this circuit, even when filing them pro se. Additionally, the Government has shown no evidence of delay with this particular petition.

The prejudice factor could arguably weigh against Johnson, as the grant of equitable tolling means that the Government will have to return for a third time to district court. However, not once

in the entirety of the federal proceedings in this case has a judge considered the merits of Johnson's habeas petition, and a denial of equitable tolling would prevent Johnson from obtaining substantive rulings, as timely filers are entitled under AEDPA. The Government is not prejudiced by a decision requiring it to argue the merits of a case that was filed in accordance with then-controlling precedent and has been diligently pursued ever since.

Finally, Johnson was reasonable in his ignorance of the *Lawrence* holding for the reasons stated above. Johnson was led into believing that he had one year plus ninety days to file his petition, and he should not be held responsible for the change in law that occurred two months after the petition was filed. Accordingly, Johnson is entitled to equitable tolling.

The Government argues that because this court had already ruled on the statute of limitations issue in Johnson's case, both this court and the district court lack jurisdiction to consider the Rule 60(b) motion under the doctrine of res judicata. This argument fails, however, as res judicata does not bar Rule 60(b) motions. *In re Jerome Duncan, Inc.*, 333 F. App'x. 14, 15 (6th Cir. 2009). "Even after a judgment has become final and even after an appeal has been lost, Civil Rule 60(b) gives losing parties additional, narrow grounds for vacating the judgment." *GenCorp, Inc v. Olin Corporation,* 477 F.3d 368, 372 (6th Cir. 2007).

The government further contends that Johnson should not benefit from the reasoning of *Sherwood* because, unlike Sherwood, Johnson is not making his argument on appellate review of the district court's denial of his habeas petition. However, habeas petitioners who have already sought and obtained appellate review of their habeas denials are nonetheless entitled to rely on Rule 60(b)

motions in seeking to correct "some defect in the integrity of the federal habeas proceedings," *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005), which is exactly what Johnson seeks to do in this case. In spite of the law-of-the-case doctrine, a lower court may reopen an issue already ruled upon by a controlling authority in limited circumstances, including where that authority has taken "a subsequent contrary view of the law." *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994) (internal citations admitted); *see also Mitchell v. Rees*, 261 F. App'x 825, 828 (6th Cir. 2008) (applying this exception in the habeas context). The distinction drawn by the Government is not meaningless—Johnson could have raised the *Abela* argument in his initial application to this court for a COA, as did *Henderson* and *Sherwood*. However, his failure to do so in his pro se petition does not outweigh the equitable considerations at work in this case. Johnson was objectively justified in believing that he had timely filed his petition under then-controlling precedent.

For the foregoing reasons, the district court's denial of Johnson's Rule 60(b) motion is reversed and the case is remanded for proceedings consistent with this ruling.