NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0400n.06

Case Nos. 07-3766/15-4308

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | |
|---|---|
| ODRAYE G. JONES, nka Malik Allah-U-Akbar, ) ) | |
| Petitioner-Appellant, ) ) | **FILED** |
| v. ) ) | Aug 25, 2021 |
| | DEBORAH S. HUNT, Clerk |
| MARGARET BRADSHAW, Warden, ) | **ORDER** |
| ) | |
| Respondent-Appellee. ) ) ) | |

Before: MOORE, COLE, and GRIFFIN, Circuit Judges.

In Ground 24 of his federal habeas petition, Jones[1] asserted that his trial counsel was ineffective during the penalty phase for failing to "properly prepare expert witnesses or to present proper mitigation evidence." (Final Traverse, R. 114, Page ID #835–44.) The district court denied relief on this claim, concluding that it was procedurally defaulted and, in the alternative, without merit. *See Jones v. Bradshaw*, 489 F. Supp. 2d 786, 839 (N.D. Ohio 2007). While Jones did not request a certificate of appealability on Ground 24, we believe jurists of reason could debate whether Ground 24 states a "valid claim of the denial of a constitutional right" and whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

---

[1] During federal habeas proceedings, petitioner legally changed his name to Malik Allah-U-Akbar. (R. 198.) For purposes of clarity and continuity, we continue to refer to petitioner by his former name.

We therefore exercise our authority to grant sua sponte a certificate of appealability on that ground. *Mitchell v. MacLaren*, 933 F.3d 526, 539 n.4 (6th Cir. 2019).

We are mindful, however, that neither party should be prejudiced by our decision. Although the parties' briefing about the district court's denial of Jones's Rule 60(b) motion touched on aspects of the merits of Ground 24, neither side addressed the issue as fully as they might have if Ground 24 had been squarely before us. We therefore request supplemental briefing. The parties may restate or incorporate any arguments set forth in their briefs about the Rule 60(b) motion and may supply any additional argument regarding Ground 24. Jones shall have 30 days from entry of this order to submit supplemental briefing. The State shall then have 30 days to respond with any supplemental briefing. Jones shall have 14 days thereafter to reply.

GRIFFIN, Circuit Judge, dissenting.

On October 20, 2020, we heard argument in this habeas corpus action brought by petitioner Odraye Jones. Scattered across three different certificates of appealability (COA), we considered fourteen issues for which Jones had permission to appeal. One of the certified questions was whether the "district court err[ed] in denying Rule 60(b) relief on Jones's claim that his trial counsel was constitutionally ineffective for allowing racialized evidence to be presented during his death-penalty mitigation hearing[?]" The Warden, however, argued that we lacked jurisdiction to consider this issue because Jones did not timely appeal from the relevant district court order, so the COA was improvidently granted. The Warden is correct. But rather than resolve the many issues ready for review, the majority acts sua sponte to grant Jones a *fourth* COA to circumvent his failure to timely appeal from the district court's Rule 60(b) order and resurrects a claim that has been dormant since it was denied by the district court in 2007. Because I view this as a violation of the Supreme Court's prohibition on equitable exceptions to the jurisdictional requirement of a timely notice of appeal, I respectfully dissent.

* * *

Petitioner shot and killed Officer William D. Glover, Jr., of the Ashtabula City Police Department on November 17, 1997. *State v. Jones*, 744 N.E.2d 1163, 1169–70 (Ohio 2001). Jones was convicted of aggravated murder and sentenced to death. His direct appeal and collateral attacks on his conviction in state court were unsuccessful. *Jones v. Bradshaw*, 489 F. Supp. 2d 786, 795 (N.D. Ohio 2007). These legal challenges were only the beginning however, and Jones's case has taken an especially winding road after landing in federal court. A summary of that procedural history is necessary to understand the court's decision today.

Jones filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in 2003. *Id.* Four years later, the district court denied relief on all thirty-four grounds Jones presented but certified five claims for appeal. *Id.* at 852–53. Importantly, the district court did not grant Jones a certificate of appealability for his claim that he received ineffective assistance of counsel when his counsel elicited prejudicial and confusing testimony from his expert. *Id.*

Jones timely appealed the denial of his § 2254 petition. And on his motion, we added a sixth claim to the COA: an Eighth Amendment challenge to Ohio's lethal injection protocols. Through counsel, Jones did not otherwise seek our permission to expand the certificate of appealability. (*Id.*) We then ordered a limited remand of Jones's case for factual development of his Eighth Amendment claim. And six years after that, with the case still pending before the district court, we granted Jones's motion to "expand the limited remand" so he could supplement his pleadings with other claims that were procedurally defaulted and for which he contended the default could be excused under then-recent Supreme Court decisions *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013). The district court concluded the proceedings before it in 2015 by denying relief on the claims presented in Jones's Amendment and Supplement, granting an additional certificate of appealability on eight claims, and transferring the case back to our court.

But Jones wasn't done. In November 2018, he filed a motion in the district court for relief from its judgment under Federal Rule of Civil Procedure 60(b). He argued among other things that the district court had misapplied procedural default to his claim that he received ineffective assistance when his counsel elicited testimony from Jones's mitigation expert that "not only confused the jury . . . but was also devoid of accurate, compelling, and available mitigating

information." The district court disagreed in relevant part and denied Jones's Rule 60 motion on May 16, 2019. Jones appealed more than one month later on June 28, 2019. After some procedural docket-management, we granted Jones's motion for a certificate of appealability on the following question: "Did the district court err in denying Rule 60(b) relief on Jones's claim that his trial counsel was constitutionally ineffective for allowing racialized evidence to be presented during his death-penalty mitigation hearing[?]" In supplemental briefing, the Warden argued that our COA on this claim was improvidently granted because Jones had not timely appealed from the denial of the Rule 60 motion.

I agree with the Warden. In civil actions, parties have thirty days to file a notice of appeal of "any judgment, order, or decree" for review by a court of appeals. *See* 28 U.S.C. § 2107(a). That includes the denial of a Rule 60 motion. *See Stone v. INS*, 514 U.S. 386, 401 (1995). Failure to timely file a notice of appeal is a jurisdictional defect that precludes our review of the challenged order. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007). We have "*no authority* to create equitable exceptions to jurisdictional requirements." *Id.* (emphasis added).

Jones's appeal from the denial of his Rule 60 motion ran afoul of § 2107(a) because he did not file a notice of appeal within thirty days of the district court court's order denying his motion. The district court filed its order on May 16, 2019. Jones had until June 17, 2019 to file his notice of appeal. He did not file until June 28, 2019. Accordingly, Jones's appeal from the denial of his Rule 60(b) motion was untimely, depriving us of jurisdiction to review his claim. The certificate of appealability we previously granted Jones to appeal that ruling was improvidently granted.

But rather than accept that we lack jurisdiction to resolve the claim presented for review, the majority side-steps the issue by granting a fourth COA. Although I acknowledge that we have

inherent authority to grant or expand a COA in our own discretion, *see Johnson v. Hudson*, 421 F. App'x 568, 570 n.1 (6th Cir. 2011), we typically do so in cases where the parties mischaracterize the nature of the proceeding and thus do not contemplate the need for permission to appeal, *see, e.g.*, *United States v. Burton*, 802 F. App'x 896, 904 (6th Cir. 2020) (granting a certificate of appealability sua sponte where "[t]he parties neither applied for, nor insist upon, a COA"); *United States v. Cruz*, 108 F. App'x 346, 347–48 (6th Cir. 2004) (considering sua sponte whether a certificate of appealability was warranted where the parties and district court failed to properly construe the petition as arising under 28 U.S.C. § 2255). That is not this case. Jones moved our court to expand the certificate of appealability more than thirteen years ago, but he did *not* seek permission to appeal his claim that his counsel's presentation of racialized and prejudicial evidence resulted in ineffective assistance of counsel. Instead, he opted to pursue a challenge to Ohio's lethal injection protocol—only to abandon it later.

But now, when this case calls out for resolution, the majority rides to Jones's rescue by sua sponte granting a certificate of appealability to resurrect a claim that has gone untouched since it was rejected by the district court fourteen years ago. The choice of claim is not a coincidence either. The newly revived claim (Ground 24) asks whether Jones received ineffective assistance during the penalty phase based on his counsel's failure to "properly prepare expert witnesses or to present proper mitigation evidence." As added support, Jones contends that his counsel elicited expert testimony that was confusing, prejudicial, and inaccurate. In other words, Jones asserted in Ground 24 the precise issue that he sought to relitigate in his Rule 60(b) motion, which as already discussed, we lack jurisdiction to review.

Because I conclude that the majority's sua sponte grant of a COA violates *Bowles*'s prohibition on equitable exceptions to the jurisdictional requirement of a timely notice of appeal, I respectfully dissent.

ENTERED BY ORDER OF THE COURT

_____

Deborah S. Hunt, Clerk