File Name: 12a0070n.06

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

**No. 10-5960**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED

*Jan 20, 2012*

LEONARD GREEN, Clerk

|  |  |  |
|---|---|---|
| WILLIAM ZUKOWSKI, | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT |
| Petitioner-Appellant, | ) ) | COURT FOR THE MIDDLE DISTRICT OF TENNESSEE |
| v. | ) ) | |
| TONY PARKER, | ) ) ) | |
| Respondent-Appellee. | ) ) | |

Before:  COOK, WHITE, and DONALD, Circuit Judges.

**HELENE N. WHITE, Circuit Judge.**  Petitioner, William Zukowski, appeals the district court's denial of his § 2254 petition for writ of habeas corpus.  We **AFFIRM**.

**I.**

On March 21, 2001, a Tennessee state-court jury convicted Zukowski of five counts of rape of a child.  TENN. CODE ANN. § 39-13-522.  On May 11, 1001, the state court sentenced Zukowski to the maximum sentence for each count – twenty-five years – with the sentences to run consecutively, for a total of 125 years of imprisonment.  Zukowski then entered a "best interest" plea to three additional counts of rape of a child and one count of aggravated rape.  By agreement, Zukowski was sentenced to a term of twenty-five years for these offenses, to be served concurrently with his 125-year sentence.  The Tennessee Court of Criminal Appeals affirmed the convictions on

January 31, 2003, and the Tennessee Supreme Court denied Zukowski's application for review on May 19, 2003. On May 18, 2004, Zukowski filed a petition for post-conviction relief in state court. The petition was denied on August 24, 2006, and the Tennessee Court of Criminal Appeals affirmed the denial on January 9, 2008. The Tennessee Supreme Court denied Zukowski's request for appeal on May 12, 2008.

Zukowski then filed a petition for writ of habeas corpus in the United States District Court for the Middle District of Tennessee pursuant to 28 U.S.C. § 2254. In his habeas petition, Zukowski claimed for the first time that his sentence violated his Sixth Amendment right to trial by jury because it was based on enhancements found by the court rather than the jury.

On October 14, 2008, Zukowski filed a motion to re-open his state-court post-conviction proceedings to exhaust his Sixth Amendment claim. In the motion, Zukowski claimed that his sentence violated the United States Supreme Court's decisions in *Blakely v. Washington*, 542 U.S. 296 (2004), and *Cunningham v. California*, 549 U.S. 270 (2007). Under Tennessee law, a motion to re-open post-conviction proceedings may be granted where:

> The claim in the motion is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The motion must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial[.]

TENN. CODE ANN. § 40-30-117(a).

The Tennessee court determined that Zukowski's motion was based on the Tennessee Supreme Court's then-recent decision in *State v. Gomez*, 239 S.W.3d 733 (Tenn. 2007). In *Gomez*, the court held, in part, that in light of the United States Supreme Court's decision in *Cunningham*, *Blakely* applied to Tennessee's sentencing scheme. The court nevertheless denied Zukowski's motion based on its determination that *Blakely* does not apply retroactively to cases on collateral review, and thus *Cunningham* and *Gomez* did not apply to his case. The court also stated that even if *Gomez* applied, Zukowski's motion, filed one year and five days after the *Gomez* decision, was untimely. *See* TENN. CODE ANN. § 40-30-117(a).

On appeal, the Tennessee Court of Criminal Appeals agreed that *Blakely* does not apply retroactively to cases on collateral review. The court further determined that Zukowski did not satisfy the criteria under § 40-30-117(a) to re-open his post-conviction proceedings because the *Gomez* decision only clarified the rule first announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and thus did not constitute a "final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of [petitioner's] trial."

Zukowski filed an amended habeas petition on August 17, 2009, alleging six claims for relief. The district court denied Zukowski's petition on July 9, 2010. With respect to Zukowski's *Blakely* claim, the court found the claim procedurally defaulted. The court also denied this claim on the ground that *Blakely* does not apply to collateral proceedings. On October 18, 2010, the district court granted Zukowski a certificate of appealability on all claims. The instant appeal followed.

- 3 -

## II.

This court reviews a district court's denial of a habeas petition *de novo*. *Sherwood v. Prelesnik*, 579 F.3d 581, 584 (6th Cir. 2009). Because Zukowski solely challenges the district court's denial of his *Blakely* claim, all other claims are deemed waived. *United States v. Johnson*, 440 F.3d 832, 845 (6th Cir. 2006).

Zukowski contends the district court erred in finding that *Blakely* was not retroactive and that his claim was procedurally defaulted. For the purpose of retroactivity analysis, a state conviction is final "when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied." *Wheeler v. Jones*, 226 F.3d 656, 659 (6th Cir. 2000) (quoting *Caspari v. Bohlen*, 510 U.S. 383, 390 (1994)). Zukowski did not file a petition for writ of certiorari to the United States Supreme Court. Accordingly, Zukowski's conviction became final on August 17, 2003, ninety days after the Tennessee Supreme Court denied his request for appeal. *See Sherwood*, 579 F.3d at 585.

The United States Supreme Court decided *Blakely* on June 24, 2004, ten months after Zukowski's conviction became final. We have repeatedly held that *Blakely* does not apply retroactively to cases on collateral review. *See*, *e.g., Taniguchi v. United States*, 262 F. App'x 714 (6th Cir. 2008); *Valentine v. United States*, 488 F.3d 325 (6th Cir. 2007). Thus, regardless whether the district court correctly found that Zukowski's *Blakely* claim is procedurally defaulted, he is not entitled to habeas relief on this claim.

For these reasons, we AFFIRM.