FILED

09/09/2019

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs September 4, 2019

## WILLIAM ZUKOWSKI v. SHAWN PHILLIPS, WARDEN

**Appeal from the Circuit Court for Lake County**
**No. 19-CR-10581    R. Lee Moore, Jr., Judge**

_____

### No. W2019-00575-CCA-R3-HC

_____

William Zukowski, Petitioner, filed a Petition for Writ of Habeas Corpus, claiming the trial court lacked jurisdiction to pronounce judgment and sentence for his five convictions of rape of a child because (1) his consecutive sentences violated double jeopardy, (2) the indictment was deficient because the charges were multiplicitous, and (3) the trial court's failure to require an election violated his constitutional right to a unanimous jury verdict. The habeas corpus court found that Petitioner's claims were not cognizable habeas corpus claims and summarily dismissed the petition. We affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and TIMOTHY L. EASTER, JJ., joined.

William Zukowski, Tiptonville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; and Andrew C. Coulam and Ronald L. Coleman, Assistant Attorneys General, for the appellee, State of Tennessee.

### OPINION

#### Procedural History

On August 25, 2000, the Davidson County Grand Jury indicted Petitioner for six counts of rape of a child. At trial, the trial court dismissed one count at the close of the State's proof, and the jury convicted Petitioner of the remaining five counts. The trial court sentenced Petitioner to twenty-five years' incarceration on each of the five counts,

to be served consecutively, for an effective sentence of 125 years' incarceration at one hundred percent.

On direct appeal, this court affirmed the judgments of the trial court, and our supreme court denied review. *State v. William Douglas Zukowski*, No. M2001-02184-CCA-R3-CD, 2003 WL 213785, at *1 (Tenn. Crim. App. Jan. 31, 2003), *perm. app. denied* (Tenn. May 19, 2003). In 2004, Petitioner filed a pro se post-conviction relief petition and was subsequently appointed counsel. The post-conviction court denied relief, this court affirmed the judgments of the post-conviction court, and our supreme court denied review. *William Douglas Zukowski v. State*, No. M2006-02083-CCA-R3-PC, 2008 WL 110096, at *1 (Tenn. Crim. App. Jan. 9, 2008), *perm. app. denied* (Tenn. May 12, 2008). Petitioner filed a federal habeas petition, *see Zukowski v. Parker*, 458 F. App'x 424 (6th Cir. 2012), and while it was pending, Petitioner also filed a motion to re-open his post-conviction petition. The post-conviction court denied the motion to re-open, and this court denied permission to appeal. Order, *William Zukowski v. State*, No. M2009-00492-CCA-R28-CO (Tenn. Crim. App. Apr. 3, 2009). The United States District Court for the Middle District of Tennessee then denied Petitioner's federal habeas petition, and the United States Court of Appeals for the Sixth Circuit affirmed. *Zukowski*, 458 F. App'x at 424.

Petitioner then filed the present Petition for Writ of Habeas Corpus in the Lake County Circuit Court. The habeas corpus court denied the Petition, and Petitioner now timely appeals.[1]

## Analysis

Petitioner asserts that the trial court lacked jurisdiction because (1) his consecutive sentences violated the Double Jeopardy Clause, (2) the charges in the five counts of the indictment were multiplicitous, and (3) the trial court violated his constitutional right to a unanimous jury verdict by failing to require an election of offenses.

The State responds that Petitioner fails to state a colorable claim because (1) a double jeopardy challenge is not a cognizable claim in habeas corpus proceedings, and (2) a challenge that may implicate jury unanimity or election renders a judgment merely voidable and not void.

---

[1] Petitioner's Notice of Appeal was filed on April 1, 2019, forty days after the habeas corpus court denied his Petition on February 5, 2019. However, Petitioner's Certificate of Service is dated March 19, 2019. Pursuant to Tennessee Rule of Appellate Procedure 20(g), because Petitioner is an incarcerated pro se litigant, his Notice of Appeal is timely because it was "delivered to the appropriate individual at the correctional facility within the time fixed for filing."

Habeas corpus relief may only be granted in limited circumstances. *Edwards v. State*, 269 S.W.3d 915, 920 (Tenn. 2008). Unlike petitions for post-conviction relief, "the purpose of the habeas corpus petition is to contest void and not merely voidable judgments." *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992) (citing *State ex rel. Newsome v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968)).

> Habeas corpus relief is available in Tennessee only when "it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered" that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired.

*Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting *State v. Galloway*, 45 Tenn. (5 Cold.) 326, 336-37 (1868)). A petitioner bears the burden of establishing by a preponderance of the evidence that a judgment is void or that the confinement is illegal. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). A habeas corpus petition may be summarily dismissed without a hearing when the petition "fails to demonstrate that the judgment is void." *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004) (citing Tenn. Code Ann. § 29-21-109). "Whether habeas corpus relief should be granted is a question of law[,]" which we review de novo. *Edwards*, 269 S.W.3d at 919.

## *Double Jeopardy*

Petitioner argues that his consecutive sentences violate the Double Jeopardy Clause because "each count [was] identical to the other" and thus the court was imposing "multiple punishments for the same offense." However, a violation of double jeopardy, even if meritorious, "would render a conviction merely voidable, not void, and as such is not a proper basis of a petition for habeas corpus." *Odell Wisdom v. Randy Lee, Warden*, No. E2016-01737-CCA-R3-HC, 2017 WL 991910, at *3 (Tenn. Crim. App. Mar. 14, 2017), *no perm. app. filed*. A voidable judgment is not reviewable in a habeas petition. *See Potts*, 833 S.W.2d at 62. Thus, Petitioner's double jeopardy argument is not a cognizable claim.

## *Multiplicity*

In certain circumstances, deficiencies in an indictment will render a judgment void. Generally, challenges to an indictment must be raised before trial, or they are waived. Tenn. R. Crim. P. 12(b)(2)(B), (f). However, an indictment can be challenged in a habeas corpus proceeding if it is "so defective as to fail to vest jurisdiction in the trial court." *Wyatt*, 24 S.W.3d at 323. Both the United States and the Tennessee Constitutions require that an indictment inform the accused of "the nature and cause of the accusation."

U.S. Const. amend. VI; Tenn. Const. Art. I, § 9. To satisfy this constitutional requirement, an indictment must provide sufficient information "(1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy." *State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997).

Here, Petitioner argues that the indictment was so deficient as to fail to vest jurisdiction in the trial court. Specifically, he asserts the five counts in the indictment were multiplicitous and thus violated the Double Jeopardy Clause. "Multiplicity is the charging of a single offense in several counts of an indictment" and generally may be the basis of a double jeopardy claim. *State v. Smith,* 436 S.W.3d 751, 766 (Tenn. 2014). However, a claim of multiplicity is not a cognizable habeas corpus claim because "[a]ny determination of the merits of such a claim would require us to look beyond the face of the judgments[.]" *Anthony Bowen v. Howard Carlton, Warden,* No. E2007-01845-CCA-R3-HC, 2008 WL 450630, at *3 (Tenn. Crim. App. Feb. 20, 2008), *perm. app. denied* (Tenn. May 5, 2008). Petitioner does not state a colorable claim and is not entitled to relief.

*Failure to Require an Election*

A trial court has a duty to require the State to "elect the facts upon which it is relying to establish the charged offense if evidence is introduced at trial indicating that the defendant has committed multiple offenses against the victim." *State v. Johnson*, 53 S.W.3d 628, 630 (Tenn. 2001); *see also State v. Shelton*, 851 S.W.2d 134, 136 (Tenn. 1993); *Burlison v. State*, 501 S.W.2d 801, 804 (Tenn. 1973); *Jamison v. State*, 94 S.W. 675 (Tenn. 1906). This requirement is "fundamental, immediately touching the constitutional rights of an accused . . . ." *State v. Walton*, 958 S.W.2d 724, 727 (Tenn. 1997) (citing *Burlison*, 501 S.W.2d at 804). "[T]he purpose of election is to ensure that each juror is considering the same occurrence. If the prosecution cannot identify an event for which to ask a conviction, then the court cannot be assured of a unanimous decision." *Shelton*, 851 S.W.2d at 138.

Petitioner claims that the trial court's failure to require an election "violated [P]etitioner's constitutional right to a unanimous jury verdict, and therefore, [the trial court] lacked the authority to pronounce judgment and sentence." However, "a challenge that may implicate jury unanimity or election renders a judgment merely voidable and not void." *David Wayne Dunn v. Howard Carlton, Warden*, No. E2007-00355-CCA-R3-HC, 2007 WL 2458781, at *2 (Tenn. Crim. App. Aug. 30, 2007), *perm. app. denied* (Tenn. Dec. 17, 2007). A voidable judgment is not reviewable in a habeas petition. *See Potts*, 833 S.W.2d at 62. Thus, Petitioner does not state a colorable claim and is not entitled to relief.

- 4 -

## **Conclusion**

After reviewing the facts and applicable case law, we affirm the trial court's judgment.

_____
ROBERT L. HOLLOWAY, JR., JUDGE